ACCEPTED
15-25-00234-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 3:00 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00234-CV

# In the Court of Appeals for
# the Fifteenth District of Texas at Austin

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/5/2026 3:00:43 PM
CHRISTOPHER A. PRINE
Clerk

*STEPHEN PATRICK BLACK,*
*Appellant*

*v.*

*HAYLEY GLISSON AND THE TEXAS CIVIL COMMITMENT OFFICE,*
*Appellees*

On Appeal from the 455th District Court of Travis County, Texas
Trial Court Case Number: D-1-GN-25-001039
Honorable Laurie Eiserloh, Presiding

## Brief of Appellant

Ethan Nutter
  Texas Bar No. 24104988
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, Texas 78701
(512) 542-8555 (Telephone)
(512) 236-3239 (Facsimile)
enutter@velaw.com

*Attorney for Appellant*

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**PETITIONER-APPELLANT:**   Stephen Patrick Black

**PETITIONER-APPELLANT'S COUNSEL:**

*Counsel in Court of Appeals:*
Ethan Nutter
Texas Bar No. 24104988
enutter@velaw.com
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, Texas 78701

**RESPONDENT-APPELLEE:**   Hayley Glisson[1]

**RESPONDENT-APPELLEE'S COUNSEL:**

*Counsel in Court of Appeals and Trial Court:*
Ken Paxton
Brent Webster
Ralph Molina
Austin Kinghorn
Ernest C. Garcia
John M. Grey
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

*Counsel in Trial Court Only*
Maya Bailey
Office of the Attorney General
808 Travis Street, Suite 1520
Houston, Texas 77002

---

[1] The Austin Court of Appeals caption designated Appellees as both Hayley Glisson and the Texas Civil Commitment Office. However, Black's mandamus petition and notice of appeal designated Hayley Glisson as the Respondent-Appellee. CR5; CR121. Further, as explained herein, the proper respondent in a Texas Public Information Act mandamus is the individual officer, not the governmental body itself. *See infra* Argument §I.B.3.

2

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................2

INDEX OF AUTHORITIES.........................................................................4

RECORD REFERENCES ............................................................................7

STATEMENT OF THE CASE.......................................................................8

STATEMENT REGARDING ORAL ARGUMENT .........................................9

STATEMENT OF ISSUES PRESENTED.......................................................10

INTRODUCTION ....................................................................................11

STATEMENT OF FACTS ..........................................................................14

    I.     Appellant Stephen Patrick Black submits a request for information under the Texas Public Information Act. ........................14

    II.    Black files a mandamus proceeding in Travis County challenging the AG Opinion and TCCO's denial. .............................15

    III.   The trial court grants Appellee's plea to the jurisdiction....................16

SUMMARY OF THE ARGUMENT ..............................................................18

ARGUMENT ..........................................................................................20

    I.     The trial court had jurisdiction over all of Black's claims and should not have dismissed the case..................................................20

        A.    Appellee's arguments about §552.321 are contrary to Texas Supreme Court precedent. ..............................................22

        B.    Appellee's other arguments are wrong. ..................................25

            1.    Black did not intend an *ultra vires* action, and this Court does not need to decide whether withholding public information is *ultra vires*. ...................................26

            2.    Black could not have sought declaratory relief against the Attorney General. .........................................27

            3.    Black named the proper parties, the officer for public information and the governmental body itself. ........................................................................28

PRAYER ...............................................................................................31

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*A & T Consultants, Inc. v. Sharp*,
904 S.W.2d 668 (Tex. 1995) ...............................................................................28

*Alsobrook v. MTGLQ Inv'rs, LP*,
657 S.W.3d 327 (Tex. App.—Dallas 2021), *review granted, decision
aff'd as modified*, 656 S.W.3d 394 (Tex. 2022) .................................................14

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ...............................................................................25

*Gonzalez v. Tex. Med. Bd.*,
No722 S.W.3d 848, 852 (Tex. 2025)....................................................................26

*Guthrie v. Garcia*,
352 S.W.3d 307 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ...................28

*Hall v. McRaven*,
508 S.W.3d 232 (Tex. 2017) ...............................................................................26

*Hutchins v. Tex. Rehab. Comm'n*,
544 S.W.2d 802 (Tex. App.—Austin 1976, no pet.).........................................11

*Kallinen v. City of Houston*,
462 S.W.3d 25 (Tex. 2015)....................................................................... passim

*Keever v. Finlan*,
988 S.W.2d 300 (Tex. App.—Dallas 1999, pet. dism'd) ...................................29

*Kensington Title-Nevada, LLC v. Tex. Dep't of State Health Servs.*,
710 S.W.3d 225 (Tex. 2025) ...............................................................................26

*McLane Co., Inc. v. Tex. Alcoholic Beverage Comm'n*,
514 S.W.3d 871 (Tex. App.—Austin 2017, pet. denied) ...................................26

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
372 S.W.3d 629 (Tex. 2012) ...............................................................................29

*Muir v. Univ. of Tex. at Austin*,
No. 03-22-00196-CV, 2023 WL 4110843 (Tex. App.—Austin June 22,
2023, no pet.) .................................................................................................. 12, 24

*Qatar Found. for Educ., Sci. & Cmty. Dev. v. Zachor Legal Inst.*,
627 S.W.3d 674, 680 (Tex. App.—Austin 2021, pet. denied) ..........................27

*Tex. Dep't of Parks & Wildlife v. Miranda,*
    133 S.W.3d 217 (Tex. 2004) .................................................. 20, 29, 31

*Tex. Dep't of Transp. v. Sefzik,*
    355 S.W.3d 618 (Tex. 2011) .................................................................31

*Tex. S. Univ. v. Young,*
    682 S.W.3d 886 (Tex. 2023) ...............................................................29

*Thomas v. Cornyn,*
    71 S.W.3d 473 (Tex. App.—Austin 2002, no pet.).............................25

*Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity,*
    675 S.W.3d 273 (Tex. 2023) ...............................................................20

**Statutes**

Tex. Gov't Code § 420A.002(a) ...............................................................14

Tex. Gov't Code § 552.001(a) ..................................................................20

Tex. Gov't Code § 552.001(b) ..................................................................20

Tex. Gov't Code § 552.023 .......................................................................11

Tex. Gov't Code § 552.1345 ............................................................... 15, 16

Tex. Gov't Code § 552.201(a) ..................................................................28

Tex. Gov't Code § 552.202 .................................................................. 28, 30

Tex. Gov't Code § 552.203 .......................................................................28

Tex. Gov't Code § 552.221(a) ..................................................................28

Tex. Gov't Code § 552.301 ................................................................. 11, 15

Tex. Gov't Code § 552.321.............................................................. passim

Tex. Gov't Code § 552.321(a) ....................................................... 18, 21, 23

Tex. Gov't Code § 552.321(b) ..................................................................21

Tex. Gov't Code § 552.3215(e) .................................................................27

Tex. Gov't Code § 552.3215(g)-(i)............................................................27

Tex. Gov't Code § 552.324 .................................................................. 19, 27

Tex. Gov't Code § 552.324(a) ..................................................................27

Tex. Gov't Code § 552.325(a) ..................................................................27

Tex. Health & Safety Code § 841.007.......................................................14

Tex. Health & Safety Code § 841.061.......................................................14

**Other Authorities**

*About TCCO*, https://tcco.texas.gov/about-tcco .......................................................14

Attorney General of Texas, Public Information Coordinator Database
    Search, https://www.oag.state.tx.us/pic-contact-info-
    database?keyword=civil+commitment ..............................................................30

The Office of The Attorney General of Texas, *Public Information Act*
    *Handbook 2024*,
    https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/op
    en-government/publicinfo_hb.pdf .......................................................................25

## RECORD REFERENCES

**Clerk's Record.** The Clerk's Record is referred to as: "CR____," where the consecutive page number will fill the blank.

**Reporter's Record.** The Reporter's Record is referred to as: "RR____," where the pdf page number will fill the blank.

# STATEMENT OF THE CASE

*Nature of the Case:*      This is a mandamus proceeding seeking information under the Texas Public Information Act that was dismissed on a plea to the jurisdiction.

*Trial Court:*      Hon. Laurie Eiserloh, 455th Judicial District of Travis County.

*Course of Proceedings:*      Appellant Stephen Patrick Black filed a petition for writ of mandamus pursuant to Texas Government Code §552.321. CR4-34. The petition challenges a decision to withhold information under the Public Information Act. Respondent-Appellee filed a plea to the jurisdiction, arguing that the trial court lacked subject-matter jurisdiction. CR56-59. The court held an oral hearing on the plea. CR91.

*Trial Court Disposition:*      The trial court granted the plea to the jurisdiction, and dismissed Black's claims. CR106. The court designated the judgment as a final judgment. CR2-3, 107.

**STATEMENT REGARDING ORAL ARGUMENT**

Counsel requests oral argument because they are representing Black pro bono as part of the Austin Court of Appeals pro-bono program.

In addition, oral argument would assist the Court in resolving an issue of first impression for the Fifteenth Court of Appeals. This is a Texas Public Information Act dispute regarding the jurisdiction of courts to review decisions withholding public information. While Supreme Court and Austin Court of Appeals precedent address this issue, the Fifteenth Court of Appeals has no precedent on point. Accordingly, oral argument would be beneficial to the court.

## STATEMENT OF ISSUES PRESENTED

Appellant Stephen Patrick Black requested copies of his own records from the Texas Civil Commitment Office (the "TCCO") under the Texas Public Information Act ("TPIA"). The TCCO, through its attorney, Appellee Hayley Glisson, sought an Attorney General opinion related to that information, and withheld the information based on that opinion. Black then filed a petition for writ of mandamus under Government Code §552.321, which allows requestors to compel a governmental body to make information available "if the governmental body… refuses to supply public information."

1. Did the trial court err when it granted Appellee's plea to the jurisdiction and dismissed Black's mandamus petition?

## INTRODUCTION

The Texas Public Information Act ("TPIA") requires that governmental bodies produce "public information" so that the public can remain informed about the affairs of government. In addition, Texas has long recognized a common-law right of access to one's own records. *See Hutchins v. Tex. Rehab. Comm'n*, 544 S.W.2d 802, 803-04 (Tex. App.—Austin 1976, no pet.) (holding a former patient had a right to her own hospital records notwithstanding state privacy laws shielding those records). The TPIA has codified that right and provides that individuals have a "special right of access" to their own information held by the government. Tex. Gov't Code §552.023. This case is about Appellant Stephen Patrick Black's attempts to access his own records, and the government's refusal to provide that information.

Here, Black submitted a request to the Texas Civil Commitment Office ("TCCO") where he is civilly committed, and requested his own records relating to his treatment. CR10. The TCCO, through its attorney, Hayley Glisson, sought an opinion from the Texas Attorney General to allow the TCCO to withhold that information. CR10; Tex. Gov't Code §552.301. But the TCCO did not identify that the records at issue were Black's own records, nor address the special right of access under Government Code §552.023. The Attorney General ruled that TCCO must withhold the information based on a generally applicable privacy provision. CR10. The TCCO then withheld Black's information based on that ruling. CR10.

11

But this appeal is not about whether Black is ultimately entitled to his records. Instead, this appeal is about whether Black can challenge the Attorney General's decision, or the TCCO's subsequent withholding of information, **at all**. Both the text of the TPIA and precedent make clear that he can; yet the district court held that jurisdiction was improper and failed to address the merits of the challenge.

Black invoked Government Code §552.321 to challenge those decisions via a writ of mandamus. Government Code §552.321 authorizes a requestor seeking information to "compel[] a governmental body to make information available for public inspection if the governmental body…refuses to supply public information." Tex. Gov't Code §552.321. Both the Texas Supreme Court and the Austin Court of Appeals have held that §552.321 waives governmental immunity for a requestor seeking to challenge the withholding of information, whether or not the Attorney General has issued an opinion regarding that information. *Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015); *Muir v. Univ. of Tex. at Austin*, No. 03-22-00196-CV, 2023 WL 4110843, at *4 (Tex. App.—Austin June 22, 2023, no pet.) (holding that "seeking an attorney general's decision . . . and then withholding some of the material based on that decision" is "refusing to supply" public information under Government Code §552.321). This should have been an easy application of that precedent.

However, Appellee filed a plea to the jurisdiction and argued that the TCCO's withholding of information based on an Attorney General opinion is not reviewable by mandamus under §552.321. That argument was based on a misreading of §552.321, and is contrary to Texas Supreme Court authority. In fact, Black cited the relevant Texas Supreme Court and Austin Court of Appeals decisions in his *pro se* opposition. CR73-74. Nonetheless, the district court accepted Appellee's arguments and dismissed Black's petition in its entirety.

This Court should reverse and clarify the scope of the trial court's jurisdiction under the TPIA. While Texas Supreme Court authority has already decided this issue, further guidance is needed to clarify to the Attorney General and the district courts about the scope of §552.321. This Court should reverse and hold that the Attorney General's TPIA decisions are subject to review, and that the trial court had jurisdiction under §552.321 to determine whether the TCCO improperly withheld public information. Accordingly, this Court should remand to allow the trial court to determine the merits of whether Black is entitled to his own records under the TPIA.

## STATEMENT OF FACTS

**I.    Appellant Stephen Patrick Black submits a request for information under the Texas Public Information Act.**

Appellant Black submitted a request for public information to the TCCO on or about October 29, 2024. CR10, 21-22 (letter dated October 25, 2024); CR24 (letter acknowledging receipt on October 29, 2024). The TCCO is a state agency responsible for "providing appropriate and necessary treatment and supervision for committed persons through the case management system" and "developing and implementing a sex offender treatment program for persons committed under [Health and Safety Code Chapter 841]." Tex. Health & Safety Code §841.007; Tex. Gov't Code §420A.002(a). The TCCO headquarters is in Austin, Texas. TCCO, *About TCCO*, https://tcco.texas.gov/about-tcco (last accessed Jan. 5, 2026).[2]

The request sought Black's own information held by TCCO in several categories. CR21-22. Appellant Black was civilly committed on April 7, 2016, pursuant to Texas Health and Safety Code §841.061. CR10. He is currently in the care of the TCCO at the Texas Civil Commitment Center ("TCCC") located in Littlefield, Texas. CR10.

---

[2] Courts may take judicial notice of the contents of a government website. *Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 330 (Tex. App.—Dallas 2021), *review granted, decision aff'd as modified*, 656 S.W.3d 394 (Tex. 2022).

TCCO, through Appellee Hayley Glisson, requested an Attorney General opinion regarding the information request, pursuant to Texas Government Code §552.301. CR26-28. The opinion request asserted that the information is exempt from disclosure under Texas Government Code §552.1345, which provides that information maintained by the TCCO is exempt from disclosure "if it is information about a person civilly committed" to the TCCO. CR26-28.

The Attorney General issued its decision on January 23, 2025. CR31-32. The opinion, OR2025-002424 (the "AG Opinion"), determined that the information is exempt from public disclosure under Texas Government Code §552.1345. CR31-32. TCCO withheld the information based on the AG Opinion. CR10.

## II. Black files a mandamus proceeding in Travis County challenging the AG Opinion and TCCO's denial.

Black challenged the Attorney General's decision and the TCCO's decision to withhold documents by filing a mandamus petition in Travis County District Court on February 10, 2025. CR4. Black named as respondent:

Hayley Glisson
General Counsel
Texas Civil Commitment Office
4616 West Howard Lane
Building 2, Suite 350
Austin, Texas 78725

CR5. Further, he requested "relief from Texas Attorney General's opinion withholding from disclosure, information he requested from the Texas Civil Commitment Office." CR9. He presented a single issue for the district court:

> "Did the Texas Civil Commitment Office and the Texas Attorney General abuse their discretion by withholding public information, pursuant to Tex. Gov't Code § 552.1345, that are Requestor's own records?" CR9, 11.

## III. The trial court grants Appellee's plea to the jurisdiction.

Appellee challenged the trial court's jurisdiction. CR56-59. Black filed an opposition to the plea to the jurisdiction and cited relevant authority. CR72-81. The trial court conducted a hearing on August 12, 2025. CR102.

At the hearing, counsel for Appellee argued that mandamus relief can only be granted in two circumstances: (1) "when the governmental entity does not request a letter ruling from the [Office of the Attorney General]," or (2) "when the [Office of the Attorney General] says release the documents and they refuse." RR5. Appellant Black disagreed, and argued that various authorities allow for a mandamus proceeding against the relevant governmental body to challenge the Attorney General's decision. RR8.

The trial court granted the plea to the jurisdiction and dismissed "all of Plaintiff Black's claims against Respondent in their entirety." CR106. The court signed the final judgment on August 12, 2025. CR106.

16

Black immediately transmitted his notice of appeal, which was received by the trial court on August 21, 2025. CR114-16. Black then filed an amended notice of appeal in the trial court. CR121-22.

## SUMMARY OF THE ARGUMENT

The TPIA expressly authorizes judicial review of decisions to withhold public information, regardless of whether an Attorney General decision has been requested or issued. The plain language of Government Code §552.321 authorizes review by mandamus in three circumstances:

1. the governmental body "refuses to request an attorney general's decision,"

2. the governmental body refuses to supply "public information," and

3. the governmental body refuses to supply "information that the attorney general has determined is public information that is not excepted from disclosure."

Tex. Gov't Code §552.321(a). The Texas Supreme Court has explained those three circumstances mean that requestors can seek judicial review of a decision withholding information regardless of whether an Attorney General decision has been requested or issued. *Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015).

Despite that plain language and clear command, the trial court granted Appellee's plea to the jurisdiction and dismissed this suit. But the trial court erred, and all of Appellee's arguments are wrong.

First, Appellee simply ignored the second circumstance identified by the Supreme Court. According to Appellee, only the first and third circumstances authorize review. But Appellee is misreading plain language and contrary precedent from the Supreme Court and Third Court of Appeals. *Infra* §I.A.

18

Second, all of Appellee's counterarguments are wrong. Appellee primarily contends that this is an improper *ultra vires* action. But Black did not rely on the *ultra vires* doctrine—he relied on plain statutory authority. *Infra* §I.B.1. Appellee also suggested that Black chose the wrong type of action and should have sought declaratory relief against the Attorney General. But Appellee is again misreading the relevant statutes, as the TPIA does not authorize requestors to sue the Attorney General; rather, governmental bodies are authorized to seek declaratory relief if they disagree with an Attorney General decision. *Infra* §I.B.2; *see also* Tex. Gov't Code §552.324. Finally, to the extent Appellee complains that Black named an individual rather than the TCCO itself, that is also foreclosed by Texas Supreme Court precedent, as the proper party in a TPIA proceeding is the "officer for public information" rather than the governmental body itself. *Infra* §I.B.3.

To the extent Appellee Hayley Glisson is not the appropriate officer for public information, the trial court should have allowed Black to amend his petition to name the correct party. But Appellee has not challenged jurisdiction on that basis, nor has she identified the appropriate responsible party. But considering Black's intent as the pleader, it is plain that Black is seeking review under the TPIA and the court should identify any deficiencies in the pleadings so that Black may correct them.

The trial court should have denied the plea to the jurisdiction and evaluated the merits of Black's TPIA claims. The trial court's ruling must be reversed.

**ARGUMENT**

The trial court erroneously granted Appellee's plea to the jurisdiction, and this Court should reverse and remand for further proceedings. On a plea to the jurisdiction, courts "construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings "do not affirmatively demonstrate incurable defects in jurisdiction," then the plaintiff "should be afforded the opportunity to amend." *Id.* The plea may be granted without leave to amend only "[i]f the pleadings affirmatively negate the existence of jurisdiction." *Id.* at 227. Whether the facts alleged establish jurisdiction is a question of law subject to *de novo* review. *Id.* at 226. Here, the pleadings affirmatively establish jurisdiction in this TPIA challenge.

## I. The trial court had jurisdiction over all of Black's claims and should not have dismissed the case.

Texas public policy, as declared in the TPIA, is that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government." Tex. Gov't Code §552.001(a). "The Act is to be liberally construed in favor of granting requests for information." *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 279 (Tex. 2023); Tex. Gov't Code §552.001(b). One of the ways the TPIA ensures the public's right of access is by authorizing judicial review of decisions to withhold public information. Specifically, Government Code §552.321 provides:

(a) **A requestor** [Black] or the attorney general **may file suit for a writ of mandamus** compelling a governmental body to make information available for public inspection **if the governmental body** [the TCCO] refuses to request an attorney general's decision as provided by Subchapter G or **refuses to supply public information** or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

Tex. Gov't Code §552.321(a) (emphases added). Such suits must be filed in a district court in the county "in which the main offices of the governmental body are located." *Id.* §552.321(b). Here, it is undisputed that Travis County is the appropriate venue, as TCCO's main offices are located in Travis County.[3]

Black followed this process and filed a mandamus action to compel release of information by the Texas Civil Commitment Office. Black, as the requestor, filed suit seeking a writ of mandamus contending that the Texas Civil Commitment Office "refuses to supply public information." Tex. Gov't Code §552.321(a); CR10 ("Relator now files this petition for writ of mandamus, challenging Respondent's refusal to produce the requested public information[.]"). Black specifically invoked the authority of §552.321 as the basis for this mandamus petition. CR12-13. The trial court erred by dismissing this case.

---

[3] *See* CR5 (alleging Appellee's address is in Austin, Texas); TCCO, *About TCCO*, https://tcco.texas.gov/about-tcco (last accessed Jan. 5, 2026). Courts may take judicial notice of the contents of a government website. *Alsobrook*, 657 S.W.3d at 330.

## A. Appellee's arguments about §552.321 are contrary to Texas Supreme Court precedent.

Despite the plain language of §552.321, Appellee sought dismissal through a plea to the jurisdiction. CR56-59. Appellee's argument in the trial court was thin, but her analysis of §552.321 argued that the suit cannot be maintained because Appellee Glisson "requested an Attorney General Opinion" and the "Opinion considered the information excepted from disclosure." CR58-59. At the hearing, counsel for Appellee argued that there are only "two instances" in which mandamus is authorized: (1) "when the governmental entity does not request a letter ruling from the OAG" and (2) "when the OAG says release the documents and they refuse." RR5. In essence, Appellee contends that so long as the governmental body complies with the Attorney General's opinion, the courts lack jurisdiction to review the correctness of that decision. But Appellee is ignoring key statutory language and contrary Supreme Court authority.

The Texas Supreme Court rejected Appellee's arguments in *Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015). There, the governmental body requested an attorney general opinion, but the attorney general closed its file and did not issue an opinion. *Id.* at 27. The governmental body filed a plea to the jurisdiction and argued that the trial court lacked jurisdiction because mandamus relief is only available to "compel[] a governmental body to request an Attorney General's decision and then comply with it." *Id.* at 28. The Supreme Court emphatically rejected that argument.

The Court explained that §552.321 authorizes challenges in *three* circumstances, which the Court designated as conditions A, B1, and B2. *Id.* at 27. Condition A, is when the governmental body "refuses to request an attorney general's decision." *Id.* (quoting Tex. Gov't Code §552.321(a)). Conditions B1 and B2 relate to the refusal to supply either "[1] public information or [2] information that the attorney general has determined is public information that is not excepted from disclosure." *Id.* (quoting Tex. Gov't Code §552.321(a)) (alterations in original)). The Court explained that the phrase "public information" in B1 is broader than "information that the Attorney General has determined is public information" in B2, meaning that mandamus can be sought regardless of whether an Attorney General opinion is requested or issued. *Id.* at 28. Limiting mandamus relief to compel compliance with Attorney General decisions would mean that the Attorney General's "decision would be unreviewable." *Id.* But Texas courts "have reviewed the Attorney General's rulings." *Id.* (collecting cases)

Appellee's arguments are contrary to *Kallinen*. The "two instances" identified by Appellee as appropriate bases for mandamus relief correspond with conditions A and B2 in *Kallinen*. RR5; 462 S.W.3d at 27. But Appellee completely ignores the language in B1, which allows challenges for any decision to withhold "public information." 462 S.W.3d at 28.

23

| Bases for review in *Kallinen*: | | Bases for review according to Appellee: |
| --- | --- | --- |
| A. | "refuses to request an attorney general's decision" | "when the governmental entity does not request a letter ruling from the OAG" RR5. |
| B1. | "refuses to supply public information" | |
| B2. | "refuses to supply… information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C." | "when the OAG says release the documents and they refuse." RR5. |

The Supreme Court is not the only court to have rejected Appellee's argument. Applying *Kallinen*, the Austin Court of Appeals concluded that "seeking an attorney general's decision . . . and then withholding some of the material based on that decision" is "refusing to supply" public information. *Muir v. Univ. of Tex. at Austin*, No. 03-22-00196-CV, 2023 WL 4110843, at *4 (Tex. App.—Austin, June 22, 2023, no pet.). In *Muir*, the governmental entity obtained an Attorney General opinion that some documents were confidential, and the governmental entity withheld those documents. *Id.* at *1. The requestor sued, challenging whether those withheld documents were subject to disclosure, and the Austin Court of Appeals concluded that the court had jurisdiction to review that challenge. *Id.* at *5. That is precisely what Black is seeking here—judicial review of the Attorney General's determination that information is not subject to disclosure.

24

In fact, the Attorney General's annual handbook on the TPIA acknowledges that "Section 552.321 authorizes a mandamus suit to compel the release of information even if the attorney general has ruled such information is not subject to required public disclosure." The Office of The Attorney General of Texas, *Public Information Act Handbook 2024*, at 60, https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/open-government/publicinfo_hb.pdf. That handbook itself cites *Thomas v. Cornyn,* which explains that "[a] requestor may bring a mandamus action regardless of whether an attorney general's opinion has been requested or **despite the issuance of an adverse attorney general's opinion that favors the withholding of the information**." 71 S.W.3d 473, 483 (Tex. App.—Austin 2002, no pet.) (emphasis added).

This mountain of authority explains that the trial court had jurisdiction. Appellee is misreading, or ignoring, relevant authority, and the trial court erred by dismissing the case.

### B.   Appellee's other arguments are wrong.

Appellee made various arguments against jurisdiction in the trial court, but all of them are wrong.

25

### 1. Black did not intend an *ultra vires* action, and this Court does not need to decide whether withholding public information is *ultra vires*.

Appellee argued that this is an improper *ultra vires* suit, and therefore this Court lacked jurisdiction. CR56-59; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining the *ultra vires* doctrine). But Black did not rely on the *ultra vires* doctrine and need not do so, as Government Code §552.321 provides a statutory waiver of immunity. Withholding public information can give rise to an *ultra vires* claim, which generally requires showing that the official acted "without legal authority." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). An officer acts without legal authority when the officer has "some discretion to interpret and apply a law," but then "exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Id.* Thus, an officer that withholds public information in "conflict with the law itself" would act *ultra vires* and courts would have jurisdiction to review that conduct.[4]

---

[4] The Austin Court of Appeals previously held that *ultra vires* claims are not available in a TPIA proceeding because of the redundant remedies doctrine. *McLane Co., Inc. v. Tex. Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 877 (Tex. App.— Austin 2017, pet. denied). However, the Fifteenth Court of Appeals "is not bound by precedent of the Third Court of Appeals." *Kensington Title-Nevada, LLC v. Tex. Dep't of State Health Servs.*, 710 S.W.3d 225, 231 n.4 (Tex. 2025). Moreover, there is a serious question whether *McLane* is correct, as the Supreme Court recently explained that the redundant remedies doctrine limits *remedies*, not claims. *Gonzalez v. Tex. Med. Bd.*, 722 S.W.3d 848, 852 (Tex. 2025).

But ultimately, this Court need not evaluate this issue because Black is not relying on the *ultra vires* doctrine and is instead relying on the plain statutory authority of Government Code §552.321.

### 2. Black could not have sought declaratory relief against the Attorney General.

Appellant Black could not have sued the Attorney General, as Appellee suggested he should have done. RR9. At the hearing, Appellee argued that Black should have "filed a lawsuit against the attorney general." RR9. But the TPIA does not authorize individual requestors to sue the Attorney General for relief. Instead, Government Code §552.324 allows a **governmental body** to "seek[] declaratory relief from compliance with a decision by the attorney general." Tex. Gov't Code §552.324(a). A requestor is permitted to intervene in such a suit. Tex. Gov't Code §552.325(a). But those provisions apply when the governmental body or "other person or entity" is "seeking to withhold information from a requestor." Tex. Gov't Code §552.325(a); *Qatar Found. for Educ., Sci. & Cmty. Dev. v. Zachor Legal Inst.*, 627 S.W.3d 674, 680 (Tex. App.—Austin 2021, pet. denied) (holding that §552.325 authorizes third-parties to seek declaratory relief when they are "seeking to withhold information"). Those provisions do not apply because Black is not "seeking to withhold information from a requestor"—he is the requestor seeking the records.

Apart from the mandamus proceedings, a requestor who alleges a violation of the TPIA is limited to filing a "complaint" with the appropriate district attorney. Tex.

Gov't Code §552.3215(e). But a complainant cannot bring suit under that provision himself. Tex. Gov't Code §552.3215(g)-(i) (explaining that the district attorney or attorney general's office decides whether to bring a suit). Black followed the appropriate procedure here and filed a mandamus proceeding as authorized by the TPIA.

### 3. Black named the proper parties, the officer for public information and the governmental body itself.

To the extent Appellee argues that §552.321 requires naming the governmental body itself, and not an individual, that too is foreclosed by Texas Supreme Court precedent. *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 673 (Tex. 1995). In *A & T Consultants*, the Supreme Court concluded that the "proper party" in a TPIA suit is the officer for public information rather than the governmental body itself. *Id.* at 672-73. That is because the obligations under the TPIA are imposed upon the "officer for public information." *Guthrie v. Garcia*, 352 S.W.3d 307, 309-10 (Tex. App.—Houston [14th Dist.] 2011, no pet.); Tex. Gov't Code §§552.203 ("[e]ach officer for public information . . . shall . . . make public information available for public inspection and copying"), 552.221(a) ("[a]n officer for public information of a governmental body shall promptly produce public information for inspection, duplication, or both on application by any person to the officer"). The officer for public information is the "chief administrative officer" of the governmental body. Tex. Gov't Code §552.201(a). And "[e]ach department head

28

is an agent of the officer for public information" under the TPIA. Tex. Gov't Code §552.202.

Taking the facts as alleged in Black's petition as true, Appellee Glisson is the officer for public information, or an agent of the officer for public information. On a pleadings-based challenge, the court must take the facts alleged as true and evaluate jurisdiction. *Miranda*, 133 S.W.3d at 226-28. Construing the pleadings liberally based on Black's intent, his intent was plainly to allege that Glisson is the responsible person for the decision. CR5 (alleging Appellee is the General Counsel of the TCCO).

To the extent Appellee challenges that determination as a factual matter, she did not present any evidence at the hearing. The identity of the chief administrative officer is sometimes a question of fact. *Keever v. Finlan*, 988 S.W.2d 300, 305 (Tex. App.—Dallas 1999, pet. dism'd) (reviewing summary judgment evidence that established school superintendent was the chief administrative officer of the district). And courts should allow a "reasonable opportunity for targeted discovery" to resolve jurisdictional fact disputes. *See Tex. S. Univ. v. Young*, 682 S.W.3d 886, 888 (Tex. 2023) (Young, J. concurring in denial of review) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642-43 (Tex. 2012)). Here, Appellee did not challenge that she was the officer for public information nor introduce any evidence

of the identity of the chief administrative officer for TCCO, much less provide any discovery on that ground.

But there is evidence that Appellee is the proper defendant. Appellee Glisson is currently designated as the officer for receiving public information requests on behalf of the TCCO.[5]

## Public Information Coordinator Database Search

The Office of the Attorney General is required to maintain a database of the current mailing address and electronic mail address designated by the governmental body for receiving written requests for public information. You may search the database by the name of the governmental body. Please contact the Open Government Hotline at 877-673-6839 with questions concerning the database.

Governmental bodies can enter their current mailing address and electronic mail address on the submission form.

*Filter by keyword*

Search   Reset

| NAME | EMAIL | AGENCY/GOVERNMENT BODY | ADDRESS |
| --- | --- | --- | --- |
| Hayley Glisson | tcco@tcco.texas.gov | Texas Civil Commitment Office | 4616 Howard Lane Building 2, Suite 350 Austin, TX 78728 |

And Appellee is alleged to be the general counsel of TCCO, *i.e.*, a department head, and therefore at least an "agent" of the officer for public information. Tex. Gov't Code §552.202.

---

[5] Attorney General of Texas, Public Information Coordinator Database Search, https://www.oag.state.tx.us/pic-contact-info-database?keyword=civil+commitment (last accessed Jan. 5, 2026).

In any event, even if Appellee is not the chief administrative officer for TCCO, such pleading defect is not grounds for dismissal. On a plea to the jurisdiction, courts "construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Miranda*, 133 S.W.3d at 226. If the pleadings "do not affirmatively demonstrate incurable defects in jurisdiction," then the plaintiff "should be afforded the opportunity to amend." *Id.* Courts must "allow the plaintiff the opportunity to replead if the defect can be cured." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) (allowing the plaintiff to replead and name the proper defendant in an *ultra vires* suit). If Appellee identifies a different officer for public information, Black will amend and seek relief against that individual.

Here, Black's intent could not have been more clear—he invoked the proper statutory authority to challenge the decision to withhold information, and he named the official responsible for that decision. Under this posture, which solely evaluates the pleadings, Black sufficiently invoked the court's jurisdiction. But if there is a dispute about the appropriate official to be named, the trial court should have given Black an opportunity to amend to clarify that he is seeking relief directly against the appropriate officer for public information.

## PRAYER

Black prays that this Court (1) reverse the judgment granting the plea to the jurisdiction and (2) remand to evaluate the merits of Black's claims, including any

31

potential amendments to the mandamus petition. Black further prays for all other relief to which he is entitled.

DATED: January 5, 2026

Respectfully submitted,

*/s/ Ethan Nutter*
Ethan Nutter
Texas Bar No. 24104988
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, Texas 78701
(512) 542-8555 (Telephone)
(512) 236-3239 (Facsimile)
enutter@velaw.com

*Attorney for Appellant*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document contains 4,425 words, excluding the portions excluded by Texas Rule of Appellate Procedure 9.4(i)(1). It was prepared in Microsoft Word using 14-point typeface for body text and 14-point typeface for footnotes. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Ethan Nutter*
Ethan Nutter

**CERTIFICATE OF SERVICE**

I certify that on January 5, 2026, a true and correct copy of the foregoing document was served on all counsel of record by electronic filing.

*/s/ Ethan Nutter*
Ethan Nutter

# APPENDIX

| | |
|---|---|
| **A** | **Trial Court's Final Judgment (CR106)** |
| **B** | **Statutory Provisions**<br><br>**Tex. Gov't Code §552.023**<br>**Tex. Gov't Code §552.1345**<br>**Tex. Gov't Code §552.201**<br>**Tex. Gov't Code §552.202**<br>**Tex. Gov't Code §552.203**<br>**Tex. Gov't Code §552.221**<br>**Tex. Gov't Code §552.301**<br>**Tex. Gov't Code §552.321**<br>**Tex. Gov't Code §552.3215**<br>**Tex. Gov't Code §552.324**<br>**Tex. Gov't Code §552.325** |
| **C** | **Optional Contents:**<br><br>**Mandamus Petition (CR4-18)**<br><br>**Respondent's Amended Plea to the jurisdiction and Answer (CR56-61)**<br><br>**Relator's Opposition to Respondent's Amended Plea to the Jurisdiction and Answer (CR72-81)**<br><br>**Reporters Records excerpts (RR4-12)** |

# Appendix A

CAUSE NO. D-1-GN-25-001039

| | | |
|---|---|---|
| IN RE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| STEPHEN PATRICK BLACK | § | 455TH JUDICIAL DISTRICT |

## ORDER ON RESPONDENT'S AMENDED PLEA TO THE JURISDICTION

On this date, the Court considered the Amended Plea to the Jurisdiction filed by Respondent Hayley Glisson, Staff Attorney for the Texas Civil Commitment Office, (Respondent), seeking dismissal of the claims against her.

Having considered Respondent's Amended Plea to the Jurisdiction, the Court finds that Plaintiff Black's claims must be dismissed for lack of subject matter jurisdiction. Therefore, the Court finds that Respondent's Plea to the Jurisdiction is meritorious and should be granted.

Accordingly, the Court GRANTS Respondent's Amended Plea to the Jurisdiction and DISMISSES all of Plaintiff Black's claims against Respondent in their entirety.

August 12 _____, 2025

Presiding Judge

Judge Laurie Eiserloh
455th District Court

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office
On 08/26/2025 10:37:43

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

# Appendix B

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 5. Open Government; Ethics (Refs & Annos)
Subtitle A. Open Government
Chapter 552. Public Information (Refs & Annos)
Subchapter B. Right of Access to Public Information

V.T.C.A., Government Code § 552.023

§ 552.023. Special Right of Access to Confidential Information

Currentness

(a) A person or a person's authorized representative has a special right of access, beyond the right of the general public, to information held by a governmental body that relates to the person and that is protected from public disclosure by laws intended to protect that person's privacy interests.

(b) A governmental body may not deny access to information to the person, or the person's representative, to whom the information relates on the grounds that the information is considered confidential by privacy principles under this chapter but may assert as grounds for denial of access other provisions of this chapter or other law that are not intended to protect the person's privacy interests.

(c) A release of information under Subsections (a) and (b) is not an offense under Section 552.352.

(d) A person who receives information under this section may disclose the information to others only to the extent consistent with the authorized purposes for which consent to release the information was obtained.

(e) Access to information under this section shall be provided in the manner prescribed by Sections 552.229 and 552.307.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 4, eff. Sept. 1, 1995.

V. T. C. A., Government Code § 552.023, TX GOVT § 552.023
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 5. Open Government; Ethics (Refs & Annos)
      Subtitle A. Open Government
        Chapter 552. Public Information (Refs & Annos)
          Subchapter C. Information Excepted from Required Disclosure

V.T.C.A., Government Code § 552.1345

§ 552.1345. Exception: Confidentiality of Certain Information Relating to Civilly Committed Sexually Violent Predators

Currentness

(a) Except as provided by Subsection (b), information obtained or maintained by the Texas Civil Commitment Office is excepted from the requirements of Section 552.021 if it is information about a person who is civilly committed as a sexually violent predator under Chapter 841, Health and Safety Code.

(b) Subsection (a) does not apply to statistical or other aggregated information relating to persons civilly committed to one or more facilities operated by or under a contract with the office.

**Credits**

Added by Acts 2023, 88th Leg., ch. 351 (S.B. 1179), § 15, eff. Sept. 1, 2023.

V. T. C. A., Government Code § 552.1345, TX GOVT § 552.1345
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Government Code (Refs & Annos)
      Title 5. Open Government; Ethics (Refs & Annos)
         Subtitle A. Open Government
            Chapter 552. Public Information (Refs & Annos)
               Subchapter D. Officer for Public Information

V.T.C.A., Government Code § 552.201

§ 552.201. Identity of Officer for Public Information

Currentness

(a) The chief administrative officer of a governmental body is the officer for public information, except as provided by Subsection (b).

(b) Each elected county officer is the officer for public information and the custodian, as defined by Section 201.003, Local Government Code, of the information created or received by that county officer's office.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 14, eff. Sept. 1, 1995.

V. T. C. A., Government Code § 552.201, TX GOVT § 552.201
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document** <span style="float:right">© 2025 Thomson Reuters. No claim to original U.S. Government Works.</span>

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 5. Open Government; Ethics (Refs & Annos)
      Subtitle A. Open Government
        Chapter 552. Public Information (Refs & Annos)
          Subchapter D. Officer for Public Information

V.T.C.A., Government Code § 552.202

§ 552.202. Department Heads

Currentness

Each department head is an agent of the officer for public information for the purposes of complying with this chapter.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 14, eff. Sept. 1, 1995.

V. T. C. A., Government Code § 552.202, TX GOVT § 552.202
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 5. Open Government; Ethics (Refs & Annos)
Subtitle A. Open Government
Chapter 552. Public Information (Refs & Annos)
Subchapter D. Officer for Public Information

V.T.C.A., Government Code § 552.203

§ 552.203. General Duties of Officer for Public Information

Currentness

Each officer for public information, subject to penalties provided in this chapter, shall:

(1) make public information available for public inspection and copying;

(2) carefully protect public information from deterioration, alteration, mutilation, loss, or unlawful removal;

(3) repair, renovate, or rebind public information as necessary to maintain it properly; and

(4) make reasonable efforts to obtain public information from a temporary custodian if:

(A) the information has been requested from the governmental body;

(B) the officer for public information is aware of facts sufficient to warrant a reasonable belief that the temporary custodian has possession, custody, or control of the information;

(C) the officer for public information is unable to comply with the duties imposed by this chapter without obtaining the information from the temporary custodian; and

(D) the temporary custodian has not provided the information to the officer for public information or the officer's agent.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 14, eff. Sept. 1, 1995; Acts 2019, 86th Leg., ch. 1340 (S.B. 944), § 5, eff. Sept. 1, 2019.

V. T. C. A., Government Code § 552.203, TX GOVT § 552.203
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

Vernon's Texas Statutes and Codes Annotated
    Government Code (Refs & Annos)
        Title 5. Open Government; Ethics (Refs & Annos)
            Subtitle A. Open Government
                Chapter 552. Public Information (Refs & Annos)
                    Subchapter E. Procedures Related to Access

V.T.C.A., Government Code § 552.221

§ 552.221. Application for Public Information; Production of Public Information

Currentness

(a) An officer for public information of a governmental body shall promptly produce public information for inspection, duplication, or both on application by any person to the officer. In this subsection, "promptly" means as soon as possible under the circumstances, that is, within a reasonable time, without delay.

(b) An officer for public information complies with Subsection (a) by:

(1) providing the public information for inspection or duplication in the offices of the governmental body; or

(2) sending copies of the public information by first class United States mail if the person requesting the information requests that copies be provided and pays the postage and any other applicable charges that the requestor has accrued under Subchapter F. [1]

(b-1) In addition to the methods of production described by Subsection (b), an officer for public information for a governmental body complies with Subsection (a) by referring a requestor to an exact Internet location or uniform resource locator (URL) address on a website maintained by the governmental body and accessible to the public if the requested information is identifiable and readily available on that website. If the person requesting the information prefers a manner other than access through the URL, the governmental body must supply the information in the manner required by Subsection (b).

(b-2) If an officer for public information for a governmental body provides by e-mail an Internet location or uniform resource locator (URL) address as permitted by Subsection (b-1), the e-mail must contain a statement in a conspicuous font clearly indicating that the requestor may nonetheless access the requested information by inspection or duplication or by receipt through United States mail, as provided by Subsection (b).

(c) If the requested information is unavailable at the time of the request to examine because it is in active use or in storage, the officer for public information shall certify this fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

(d) If an officer for public information cannot produce public information for inspection or duplication within 10 business days after the date the information is requested under Subsection (a), the officer shall certify that fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available for inspection or duplication.

(e) A request is considered to have been withdrawn if the requestor fails to inspect or duplicate the public information in the offices of the governmental body on or before the 60th day after the date the information is made available or fails to pay the postage and any other applicable charges accrued under Subchapter F on or before the 60th day after the date the requestor is informed of the charges.

(f) If the governmental body determines it has no information responsive to a request for information, the officer for public information shall notify the requestor in writing not later than the 10th business day after the date the request is received.

(g) If a governmental body determines the requested information is subject to a previous determination that permits or requires the governmental body to withhold the requested information, the officer for public information shall, not later than the 10th business day after the date the request is received:

(1) notify the requestor in writing that the information is being withheld; and

(2) identify in the notice the specific previous determination the governmental body is relying on to withhold the requested information.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 15, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1231, § 2, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1319, § 12, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 791, § 1, eff. June 20, 2003; Acts 2015, 84th Leg., ch. 692 (H.B. 685), § 1, eff. Sept. 1, 2015; Acts 2017, 85th Leg., ch. 520 (S.B. 79), § 1, eff. Sept. 1, 2017; Acts 2017, 85th Leg., ch. 894 (H.B. 3107), § 1, eff. Sept. 1, 2017; Acts 2025, 89th Leg., ch. 452 (H.B. 4219), § 1, eff. Sept. 1, 2025.

---

**Footnotes**

1        V.T.C.A., Government Code § 552.261 et seq.

V. T. C. A., Government Code § 552.221, TX GOVT § 552.221
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**                                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
Government Code (Refs & Annos)
Title 5. Open Government; Ethics (Refs & Annos)
Subtitle A. Open Government
Chapter 552. Public Information (Refs & Annos)
Subchapter G. Attorney General Decisions (Refs & Annos)

V.T.C.A., Government Code § 552.301

§ 552.301. Request for Attorney General Decision

Currentness

(a) A governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions under Subchapter C [1] must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions.

(a-1) For the purposes of this subchapter, if a governmental body receives a written request by United States mail and cannot adequately establish the actual date on which the governmental body received the request, the written request is considered to have been received by the governmental body on the third business day after the date of the postmark on a properly addressed request.

(b) The governmental body must ask for the attorney general's decision and state the specific exceptions that apply within a reasonable time but not later than the 10th business day after the date of receiving the written request.

(c) Repealed by Acts 2019, 86th Leg., ch. 1340 (S.B. 944), § 7.

(d) A governmental body that requests an attorney general decision under Subsection (a) must provide to the requestor within a reasonable time but not later than the 10th business day after the date of receiving the requestor's written request:

(1) a written statement that the governmental body wishes to withhold the requested information and has asked for a decision from the attorney general about whether the information is within an exception to public disclosure; and

(2) a copy of the governmental body's written communication to the attorney general asking for the decision or, if the governmental body's written communication to the attorney general discloses the requested information, a redacted copy of that written communication.

(e) A governmental body that requests an attorney general decision under Subsection (a) must within a reasonable time but not later than the 15th business day after the date of receiving the written request:

(1) submit to the attorney general:

(A) written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld;

(B) a copy of the written request for information;

(C) a signed statement as to the date on which the written request for information was received by the governmental body or evidence sufficient to establish that date; and

(D) a copy of the specific information requested, or submit representative samples of the information if a voluminous amount of information was requested; and

(2) label that copy of the specific information, or of the representative samples, to indicate which exceptions apply to which parts of the copy.

(e-1) A governmental body that submits written comments to the attorney general under Subsection (e)(1)(A) shall send a copy of those comments to the person who requested the information from the governmental body not later than the 15th business day after the date of receiving the written request. If the written comments disclose or contain the substance of the information requested, the copy of the comments provided to the person must be a redacted copy.

(f) A governmental body must release the requested information and is prohibited from asking for a decision from the attorney general about whether information requested under this chapter is within an exception under Subchapter C [1] if:

(1) the governmental body has previously requested and received a determination from the attorney general concerning the precise information at issue in a pending request; and

(2) the attorney general or a court determined that the information is public information under this chapter that is not excepted by Subchapter C.

(g) A governmental body may ask for another decision from the attorney general concerning the precise information that was at issue in a prior decision made by the attorney general under this subchapter if:

(1) a suit challenging the prior decision was timely filed against the attorney general in accordance with this chapter concerning the precise information at issue;

(2) the attorney general determines that the requestor has voluntarily withdrawn the request for the information in writing or has abandoned the request; and

(3) the parties agree to dismiss the lawsuit.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 18, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1231, § 5, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 1319, § 20, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 329, § 10, eff. Sept. 1, 2005; Acts 2007, 80th Leg., ch. 474, § 1, eff. Sept. 1, 2007; Acts 2009, 81st Leg., ch. 1377, § 8, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 1229 (S.B. 602), § 39, eff. Sept. 1, 2011; Acts 2019, 86th Leg., ch. 1340 (S.B. 944), § 7, eff. Sept. 1, 2019; Acts 2025, 89th Leg., ch. 452 (H.B. 4219), § 2, eff. Sept. 1, 2025.

**Footnotes**

1        V.T.C.A., Government Code § 552.101 et seq.

V. T. C. A., Government Code § 552.301, TX GOVT § 552.301
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

**End of Document**                                         © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
　Government Code (Refs & Annos)
　　Title 5. Open Government; Ethics (Refs & Annos)
　　　Subtitle A. Open Government
　　　　Chapter 552. Public Information (Refs & Annos)
　　　　　Subchapter H. Civil Enforcement; Complaint (Refs & Annos)

V.T.C.A., Government Code § 552.321

§ 552.321. Suit for Writ of Mandamus

Currentness

(a) A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G [1] or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C. [2]

(b) A suit filed by a requestor under this section must be filed in a district court for the county in which the main offices of the governmental body are located. A suit filed by the attorney general under this section must be filed in a district court of Travis County, except that a suit against a municipality with a population of 100,000 or less must be filed in a district court for the county in which the main offices of the municipality are located.

(c) A requestor may file suit for a writ of mandamus compelling a governmental body or an entity to comply with the requirements of Subchapter J.

**Credits**
Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993. Amended by Acts 1995, 74th Leg., ch. 1035, § 24, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1319, § 27, eff. Sept. 1, 1999; Acts 2019, 86th Leg., ch. 1216 (S.B. 943), § 8, eff. Jan. 1, 2020.

**Footnotes**

1　　V.T.C.A., Government Code § 552.301 et seq.

2　　V.T.C.A., Government Code § 552.101 et seq.

V. T. C. A., Government Code § 552.321, TX GOVT § 552.321
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 5. Open Government; Ethics (Refs & Annos)
      Subtitle A. Open Government
        Chapter 552. Public Information (Refs & Annos)
          Subchapter H. Civil Enforcement; Complaint (Refs & Annos)

V.T.C.A., Government Code § 552.3215

§ 552.3215. Declaratory Judgment or Injunctive Relief

Currentness

(a) In this section:


(1) "Complainant" means a person who claims to be the victim of a violation of this chapter.


(2) "State agency" means a board, commission, department, office, or other agency that:


(A) is in the executive branch of state government;


(B) was created by the constitution or a statute of this state; and


(C) has statewide jurisdiction.


(b) An action for a declaratory judgment or injunctive relief may be brought in accordance with this section against a governmental body that violates this chapter.


(c) The district or county attorney for the county in which a governmental body other than a state agency is located or the attorney general may bring the action in the name of the state only in a district court for that county. If the governmental body extends into more than one county, the action may be brought only in the county in which the administrative offices of the governmental body are located.


(d) If the governmental body is a state agency, the Travis County district attorney or the attorney general may bring the action in the name of the state only in a district court of Travis County.


(e) A complainant may file a complaint alleging a violation of this chapter. The complaint must be filed with the district or county attorney of the county in which the governmental body is located unless the governmental body is the district or county attorney. If the governmental body extends into more than one county, the complaint must be filed with the district or county attorney of the county in which the administrative offices of the governmental body are located. If the governmental body is

a state agency, the complaint may be filed with the Travis County district attorney. If the governmental body is the district or county attorney, the complaint must be filed with the attorney general. To be valid, a complaint must:

(1) be in writing and signed by the complainant;

(2) state the name of the governmental body that allegedly committed the violation, as accurately as can be done by the complainant;

(3) state the time and place of the alleged commission of the violation, as definitely as can be done by the complainant; and

(4) in general terms, describe the violation.

(f) A district or county attorney with whom the complaint is filed shall indicate on the face of the written complaint the date the complaint is filed.

(g) Before the 31st day after the date a complaint is filed under Subsection (e), the district or county attorney shall:

(1) determine whether:

(A) the violation alleged in the complaint was committed; and

(B) an action will be brought against the governmental body under this section; and

(2) notify the complainant in writing of those determinations.

(h) Notwithstanding Subsection (g)(1), if the district or county attorney believes that that official has a conflict of interest that would preclude that official from bringing an action under this section against the governmental body complained of, before the 31st day after the date the complaint was filed the county or district attorney shall inform the complainant of that official's belief and of the complainant's right to file the complaint with the attorney general. If the district or county attorney determines not to bring an action under this section, the district or county attorney shall:

(1) include a statement of the basis for that determination; and

(2) return the complaint to the complainant.

(i) If the district or county attorney determines not to bring an action under this section, the complainant is entitled to file the complaint with the attorney general before the 31st day after the date the complaint is returned to the complainant. A complainant is entitled to file a complaint with the attorney general on or after the 90th day after the date the complainant files the complaint with a district or county attorney if the district or county attorney has not brought an action under this section. On receipt of

the written complaint, the attorney general shall comply with each requirement in Subsections (g) and (h) in the time required by those subsections. If the attorney general decides to bring an action under this section against a governmental body located only in one county in response to the complaint, the attorney general must comply with Subsection (c).

(j) An action may be brought under this section only if the official proposing to bring the action notifies the governmental body in writing of the official's determination that the alleged violation was committed and the governmental body does not cure the violation before the fourth day after the date the governmental body receives the notice.

(k) An action authorized by this section is in addition to any other civil, administrative, or criminal action provided by this chapter or another law.

**Credits**
Added by Acts 1999, 76th Leg., ch. 1319, § 28, eff. Sept. 1, 1999. Amended by Acts 2017, 85th Leg., ch. 894 (H.B. 3107), § 4, eff. Sept. 1, 2017.

V. T. C. A., Government Code § 552.3215, TX GOVT § 552.3215
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 5. Open Government; Ethics (Refs & Annos)
      Subtitle A. Open Government
        Chapter 552. Public Information (Refs & Annos)
          Subchapter H. Civil Enforcement; Complaint (Refs & Annos)

V.T.C.A., Government Code § 552.324

§ 552.324. Suit by Governmental Body

Currentness

(a) The only suit a governmental body may file seeking to withhold information from a requestor is a suit that:

(1) is filed in a Travis County district court against the attorney general in accordance with Section 552.325; and

(2) seeks declaratory relief from compliance with a decision by the attorney general issued under Subchapter G. [1]

(b) The governmental body must bring the suit not later than the 30th calendar day after the date the governmental body receives the decision of the attorney general determining that the requested information must be disclosed to the requestor. If the governmental body does not bring suit within that period, the governmental body shall comply with the decision of the attorney general. If a governmental body wishes to preserve an affirmative defense for its officer for public information as provided in Section 552.353(b)(3), suit must be filed within the deadline provided in Section 552.353(b)(3).

**Credits**
Added by Acts 1995, 74th Leg., ch. 1035, § 24, eff. Sept. 1, 1995. Amended by Acts 1999, 76th Leg., ch. 1319, § 30, eff. Sept. 1, 1999; Acts 2009, 81st Leg., ch. 1377, § 10, eff. Sept. 1, 2009.

**Footnotes**

1       V.T.C.A., Government Code § 552.301 et seq.

V. T. C. A., Government Code § 552.324, TX GOVT § 552.324
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

**End of Document**                                  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 5. Open Government; Ethics (Refs & Annos)
      Subtitle A. Open Government
        Chapter 552. Public Information (Refs & Annos)
          Subchapter H. Civil Enforcement; Complaint (Refs & Annos)

V.T.C.A., Government Code § 552.325

§ 552.325. Parties to Suit Seeking to Withhold Information

Currentness

(a) A governmental body, officer for public information, or other person or entity that files a suit seeking to withhold information from a requestor may not file suit against the person requesting the information. The requestor is entitled to intervene in the suit.

(b) The governmental body, officer for public information, or other person or entity that files the suit shall demonstrate to the court that the governmental body, officer for public information, or other person or entity made a timely good faith effort to inform the requestor, by certified mail or by another written method of notice that requires the return of a receipt, of:

(1) the existence of the suit, including the subject matter and cause number of the suit and the court in which the suit is filed;

(2) the requestor's right to intervene in the suit or to choose to not participate in the suit;

(3) the fact that the suit is against the attorney general in Travis County district court; and

(4) the address and phone number of the office of the attorney general.

(c) If the attorney general enters into a proposed settlement that all or part of the information that is the subject of the suit should be withheld, the attorney general shall notify the requestor of that decision and, if the requestor has not intervened in the suit, of the requestor's right to intervene to contest the withholding. The attorney general shall notify the requestor:

(1) in the manner required by the Texas Rules of Civil Procedure, if the requestor has intervened in the suit; or

(2) by certified mail or by another written method of notice that requires the return of a receipt, if the requestor has not intervened in the suit.

(d) The court shall allow the requestor a reasonable period to intervene after the attorney general attempts to give notice under Subsection (c)(2).

**Credits**

Added by Acts 1995, 74th Leg., ch. 1035, § 24, eff. Sept. 1, 1995. Amended by Acts 2009, 81st Leg., ch. 1377, § 11, eff. Sept. 1, 2009.

V. T. C. A., Government Code § 552.325, TX GOVT § 552.325

Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix C

CAUSE NO: _____ D-1-GN-25-001039 _____

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | TRAVIS COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 455TH _____ JUDICIAL DISTRICT |

---

## RELATOR'S PETITION FOR WRIT OF MANDAMUS
## PURSUANT TO TEXAS GOVERNMENT CODE § 552.321

---

TO THE HONORABLE JUDGE OF SAID COURT:

Stephen Patrick Black
Relator Pro Se
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339



# IDENTITY OF PARTIES AND COUNSEL

## RELATOR

Stephen Patrick Black
Relator Pro Se
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

## REAL PARTY IN INTEREST

Nick Ybarra
Assistant Attorney General
Open Records Division
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711-2548

## RESPONDENT

Hayley Glisson
General Counsel
Texas Civil Commitment Office
4616 West Howard Lane
Building 2, Suite 350
Austin, Texas 78728



Relator's Petition for Writ of Mandamus
Pursuant to Texas Government Code § 552.321

ii

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. 2

Table of Contents ....................................................................................... 3

Index of Authorities ................................................................................ 1-9

Statement of the Case ............................................................................... vi

Statement of Jurisdiction ......................................................................... vi

Issue Presented .......................................................................................... vi


ISSUE 1: Did the Texas Civil Commitment Office and the Texas Attorney General abuse their discretion by withholding public information, pursuant to Tex. Gov't. Code § 552.1345, that are Requestor's own records? ............................................... 2-9


Statement of Facts ..................................................................................... 1

Argument & Authorities ......................................................................... 2-9

Prayer for Relief ......................................................................................... 9

Verification ................................................................................................. 9

Appendix to the Exhibits ......................................................................... 10



# INDEX OF AUTHORITIES

## FEDERAL CASES

Kneeland v. National Collegiate Athletic Association,
650 F. Supp. 1076, 1986 U.S. Dist. LEXIS 24 (5th Cir. 1986) .................................. 7-8

## STATE CASES

Calvert v. Employees Retirement System of Texas,
648 S.W.2d 418 (Tex. App. — Austin 1983, writ ref'd n.r.e.) ................................. 8

City of Austin v. Cahill,
88 S.W. 542 (Tex. 1905) .................................................................................... 8

City of Garland v. Dallas Morning News,
22 S.W.3d 351, 357 (Tex. 2000) (plurality op.) ................................................. 2

City of El Paso v. Abbott,
444 S.W.3d 315 (Tex. App.-Austin 2014, pet. denied) ....................................... 4

City of Pasadena v. Smith,
292 S.W.3d 14 (Tex. 2009) ................................................................................ 2

Billings v. Atkinson,
489 S.W.2d 858 (Tex.1973) ............................................................................... 8

Davis v. Tex. Dep't of Pub. Safety,
2014 Tex. App. LEXIS 8766 (Tex. App.-Austin Aug. 2014, pet. denied) (mem. op.) ....... 2

Doe v. Tarrant County Dist. Attorney's Office,
269 S.W.3d 147 (Tex. App.-Fort Worth 2008, no pet.) ....................................... 2

Hutchins v. Texas Rehabilitation Commission,
544 S.W.2d 802, (Tex. App. — Austin Dec. 8, 1976, no pet) .................................. 7

In re H.E.B. Grocery Co., L.P.,
492 S.W.3d 300 (Tex. 2016) (orig. proceeding) .................................................. 2

Industrial Foundation of the South v. Texas Industrial Accident Board,
540 S.W.2d 668 (Tex. 1976) ............................................................................. 7

Jackson v. State Off. of Admin. Hearings,
351 S.W.3d 290 (Tex. 2011) ............................................................................. 3

Morris v. Hoerster,
348 S.W.2d 642 (Tex. — App. Austin 1961, writ ref. n.r.e.) ................................. 7

Morris v. Hoerster,
377 S.W.2d 841 (Tex. App. — Austin 1964, no writ) ........................................... 7

Muir v. University of Tex. at Austin,
2023 Tex. App. LEXIS 4407 (Tex. App.-Austin June 22, 2023, no pet.) (mem. op.) ...... 3

Palacios v. Corbett,
172 S.W. 777 (Tex. — App. San Antonio 1915, writ ref.) ..................................... 7

Relator's Petition for Writ of Mandamus
Pursuant to Texas Government Code § 552.321

iv

Paxton v. City of Dallas,
    509 S.W.3d 247 (Tex. 2017) ......................................................................... 2

San Antonio v. Alamo National Bank,
    155 S.W. 620 (Tex. App.—San Antonio 1913, writ ref.) .......................... 8

Starkey v. Stainton,
    652 S.W.3d 80 (Tex. App.—Ft. Worth March 24, 2022, no pet.) ............... 2

Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.,
    343 S.W.3d 112 (Tex. 2011) ....................................................................... 4

Walker v. Packer,
    827 S.W.2d 833 (Tex. 1992) (orig. proceeding) ........................................ 2

White v. Calaway,
    282 S.W. 642 (Tex. App.—Fort Worth 1926, writ ref.) ............................ 8

## STATE STATUTES

Texas Government Code

§ 552.001(a) ......................................................................................................... 3

§ 552.002(a) .................................................................................................... vi, 6

§ 552.021 ........................................................................................................ vi, 5

§ 552.101 .......................................................................................................... v, 3

§ 552.101-.162 ..................................................................................................... 3

§ 552.1345 ........................................................................... v-v1, 1-2, 4-6

§ 552.221(a) ........................................................................................................ 3

§ 552.234 ........................................................................................................ vi, 4

§ 552.301(a) ........................................................................................................ 4

§ 552.321 ..................................................................................................... vi, 3-4

§ 552.321(a) ..................................................................................................... 3-4

§ 552.321(b) ........................................................................................................ 4

Texas Health and Safety Code

§ 841.061 ............................................................................................................. 1

§ 841.083 ............................................................................................................. 1

## OTHER

37 Tex.Jur.2d 768, Mandamus § 110 (1962) ................................................. 8

66 Am.Jur.2d Records and Recording Laws, sec. 28 at 360 (1973) .............. 7

Tex. Atty. Gen. ORD:

423 (1984) ......................................................................................................... 8

400 (1983) .......................................................................................................... 8

Tex. Rev. Civ. Stat. Ann. art. 6252-17a, § 3(a)(1) ....................................... 6

## STATEMENT OF THE CASE

This is an original proceeding, pursuant to the Texas Government Code § 552.321. Through a Petition for Writ of Mandamus, Stephen Patrick Black respectfully requests this Court to provide relief from Texas Attorney General's opinion withholding from disclosure, information he requested from the Texas Civil Commitment Office, pursuant to the Tex. Gov. Code §§ 552.002(a), 552.021, and 552.234 of the Public Information Act.

## JURISDICTION

Travis County District Court's have statutory jurisdiction to entertain appeals by a Requestor of information withheld from disclosure, through a petition for writ of mandamus, pursuant to the Tex. Gov't Code § 552.321. Additionally, original jurisdiction is also conferred on this Court, pursuant to the Tex. Gov't Code 24.011.

## ISSUES PRESENTED

**ISSUE 1:** Did the Texas Civil Commitment Office and the Texas Attorney General abuse their discretion by withholding public information, pursuant to Tex. Gov't. Code § 552.1345, that are Requestor's own records?

## STATEMENT REGARDING EVIDENCE

In support of this request for mandamus relief, Relator relies upon the following evidence, which is incorporated herein by reference as if set forth in full. Said evidence, attached heretofore is contained in the Appendix of Exhibits, which are being filed and served on all parties together with this mandamus.



Relator's Petition for Writ of Mandamus
Pursuant to Texas Government Code § 552.321

vi

## STATEMENT OF FACTS

Stephen Patrick Black (Relator) was civilly committed on April 7, 2016, pursuant to the Texas Health and Safety Code (HSC) § 841.061 in the 274th Judicial District Court of Guadalupe County, Texas. Under HSC § 841.083, the Texas Civil Commitment Office (Respondent) oversees Relator's treatment and supervision, at the Texas Civil Commitment Center (TCCC), located in Littlefield, Texas.

On October 29, 2024, Relator filed a request for public information with the Respondent. **Exhibit A-Stephen Patrick Black's Request for PIA Information.** The information Relator sought was his own personal information held by the Respondent, and developed during his treatment in the civil commitment program. On November 13, 2024, Respondent notified Relator of its intent to challenge his request to the Texas Attorney General (Real Party in Interest "hereinafter" RPI), alleging the requested information is to be withheld from disclosure, pursuant to Tex. Gov. Code § 552.1345. On November 20, 2024, the Respondent requested RPI to provide a ruling on its challenge to Relator's requested information. On November 21, 2024, the Respondent notified Relator it filed its challenge with the RPI. **Exhibit B-Texas Civil Commitment Office's Response & Challenge.**

On January 23, 2025, RPI sent notice to the Respondent, and Relator with its letter ruling and opinion, withholding from disclosure the public information requested by Relator, pursuant to Tex. Gov. Code § 552.1345. **Exhibit C-Texas Attorney General's Letter Ruling/ Opinion.** This was in error. Relator now files this petition for writ of mandamus, challenging Respondent's refusal to produce the requested public information, and the RPI's letter ruling and opinion, withholding from disclosure Relator's requested public information. In support hereof, Relator respectfully shows this Court the following:

## ARGUMENT & AUTHORITIES

**ISSUE 1:** Did the Texas Civil Commitment Office and the Texas Attorney General abuse their discretion by withholding public information, pursuant to Tex. Gov't. Code § 552.1345, that are Requestor's own records?

## I.    STANDARD OF REVIEW

"Whether information that is requested under the PIA is excepted from disclosure is essentially a matter of statutory construction." *Starkey v. Stainton*, 652 S.W.3d 80, 85-86 (Tex. App.—Ft. Worth March 24, 2022, no pet.); *citing City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000) (plurality op.); *Doe v. Tarrant County Dist. Attorney's Office*, 269 S.W.3d 147, 152 (Tex. App.-Fort Worth 2008, no pet.); *see Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 58 (Tex. 2015). Matters of statutory construction are questions of law that courts review de novo. *Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017) (construing PIA's "compelling reason" standard de novo), *Doe*, 269 S.W.3d at 152.

In construing the PIA and its exceptions, "our primary objective is to ascertain and give effect to the [l]egislature's intent." *Greater Hous. P'ship*, 468 S.W.3d at 58. Courts presume that the legislature intended for the statute to be constitutional, and further presume that the statute is in fact constitutional and interpret it accordingly. *See City of Pasadena v. Smith*, 292 S.W.3d 14, 19 & n.36 (Tex. 2009); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 169-70 (Tex. 2004); *Davis v. Tex. Dep't of Pub. Safety*, No. 03-13-00199-CV, 2014 Tex. App. LEXIS 8766, 2014 WL 4058981, at *1 (Tex. App.-Austin Aug. 12, 2014, pet. denied) (mem. op.). "[W]e give due consideration to AG decisions even though they are not binding" because "the legislature has imposed on the AG the duty to provide written opinions to governmental entities" on such issues. *Doe*, 269 S.W.3d at 152.

"Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 303 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

In this instant case, the Respondent and RPI are the entities that have abused their discretion for withholding the requested public information from the Relator. Only one statutory appellate remedy exists, and that is Tex. Gov't Code § 552.321. Relator must file a writ of mandamus in the Travis County District Courts, as it is statutorily mandated. *Id* at 552.321(a).

## II.  APPLICABLE LAW AND ANALYSIS

The Texas Legislature promulgated the PIA with the express purpose of providing the public "complete information about the affairs of government and the official acts of public officials and employees." *Muir v. University of Tex. at Austin*, No. 03-22-00196-CV, 2023 Tex. App. LEXIS 4407, at *5-6 (Tex. App.-Austin June 22, 2023, no pet.) (mem. op.) (quoting *Jackson v. State Off. of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011) (quoting Tex. Gov't Code § 552.001(a)). "Under the PIA, upon receiving a request for public information, a governmental body must 'promptly' produce public information for inspection, duplication, or both." *Id.* at *6 (quoting Tex. Gov't Code § 552.221(a)). "This means that a governmental body must produce public information 'as soon as possible under the circumstances,' 'within a reasonable time, without delay.'" *Id.*

The PIA defines "public information" broadly to include "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business by a governmental body" or "by an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body." Tex. Gov't Code § 552.002(a).

The PIA excepts information from public disclosure if it is "considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Muir*, 2023 Tex. App. LEXIS 4407, at *6 (quoting Tex. Gov't Code § 552.101). "In turn, the PIA sets forth numerous statutory exceptions to disclosure," *id.* (citing Tex. Gov't Code §§ 552.101-.162), "embrac[ing] the understanding that the public's right to know is tempered by the

Relator's Petition for Writ of Mandamus
Pursuant to Texas Government Code § 552.321

individual and other interests at stake in disclosing that information," *id.* at *6-7 (citing *Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011)). A governmental body wishing to withhold requested information under an exception generally must request a determination from the attorney general confirming that the exception applies. *See id.* at *7 (citing Tex. Gov't Code § 552.301(a)).

Central to Relator's request for mandamus relief, Section 552.321 of the PIA "waives sovereign immunity for requestors seeking a writ of mandamus to compel a governmental body to make certain information available for public inspection under certain circumstances." *City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.-Austin 2014, pet. denied); *see Muir*, 2023 Tex. App. LEXIS 4407, at *5-7 (describing PIA's waiver of sovereign immunity). Subsection (a) of Section 552.321 provides:

> A requestor may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C. Tex. Gov't Code § 552.321(a). "A suit filed by a requestor under this section must be filed in a district court for the county in which the main offices of the governmental body are located." *Id.* § 552.321(b).

This Court has authority and jurisdiction through mandamus, pursuant to Tex. Gov't Code § 552.321, to compel the Texas Civil Commitment Office (Respondent) a governmental agency, to release the information requested by the Relator, pursuant to Tex. Gov't Code § 552.234. On January 23, 2025, the RPI issued a letter ruling and opinion informing the Respondent to withhold the information Relator requested, pursuant to Tex. Gov't Code § 552.1345. Withholding the requested information pursuant to this subsection of the PIA Act is in error, and inapplicable.

Tex. Gov't Code § 552.1345, states:

> (a) Except as provided by Subsection (b), information obtained or maintained by the Texas Civil Commitment Office is excepted from the requirements of Section 552.021 if it is information **about a person who is civilly committed** as a sexually violent predator under Chapter 841, Health and Safety Code.

> (b) Subsection (a) does not apply to statistical or other aggregated information relating to persons civilly committed to one or more facilities operated by or under a contract with the office.
> (emphasis added)

The information he requested is not excepted from disclosure, as he is the requestor of his own personal information. Section 552.1345, pertains to the general public requesting information *"about a person who is civilly committed."* Section 552.1345 does not differentiate "who" may be requesting the public information, e.g. is it someone from the general public, or is it the *actual* person requesting information about himself. Section 552.1345, is specifically intended to *protect* Relator's information from being obtained by the general public, and **_not_** intended to be withheld from disclosure, if he is the one making the public information request. *See* Section 552.023.

Section 552.023, was promulgated to further broaden the rights of a requestor obtaining public information. This Section provides a special right of access to the requested confidential information, if it is specifically "related" to that "person," and they are the actual person submitting the request. Section 552.023 states in part:

> (a) **A person** or a person's authorized representative **has a special right of access, beyond the right of the general public,** to information held by a governmental body **that relates to the person** and that **is protected from public disclosure** by laws intended to protect that person's privacy interests.

> (b) **A governmental body may not deny access to information to the person,** or the person's representative, to whom the information relates on the grounds that the information is considered confidential by privacy principles under this chapter but may assert as grounds for denial of access other provisions of this chapter or other law that are not intended to protect the person's privacy interests. (emphasis added).

Relator contends, the information he requested relates directly to him, and is not excepted from disclosure. *See* **Exhibit C-Texas Attorney General's Letter Ruling/ Opinion.** Relator requested Respondent to release information pertaining to his own treatment records, and they denied the request, pursuant to Section 552.1345. *See* **Exhibit B-Texas Civil Commitment Office's Response & Challenge**.

Relator urges this Court to narrowly tailor their review to the specific Section 552.1345, as no other exceptions can be further asserted by the Respondent. They have waived their right to assert further exceptions, as this review is constrained *only* to the exceptions raised in their request for review by the attorney general. They cannot raise any other exceptions for the first time on appeal, or in this case, request for mandamus.

## Alternative Request for Relief

If this Court concedes with the Respondent and RPI, by finding Relator's public information request for his own records are to be withheld, pursuant to Tex. Gov't Code § 552.1345, then he respectfully requests this Court to consider providing the following alternative relief.

A case was decided in 1976, wherein the person requesting the release of personal records from the Texas Rehabilitation Commission under the then The Open Records Act, Tex. Rev. Civ. Stat. Ann. art. 6252-17a, § 3(a)(1) (1975), should be withheld. The requestor filed for mandamus relief in Travis County, in which the trial court ruled the records should be withheld. On appeal, the requestor contended the trial court erred in ruling the information sought was confidential, and further contended that as a former patient, she had a **common law right** to inspect **her own records**. The Third Court of Appeals held that the requestor was not authorized to gain access to her records under the Open Records Act, Tex. Rev. Civ. Stat. Ann. art. 6252-17a (1975), but held that the requestor **did** have a **common law right** to inspect **her own records**.

Further holding, the appellate court ruled that based on individual status, the requestor's common law right to inspect her own records **overcame the presumption of confidentiality** and the prohibition of record disclosure under the relevant portion of the Texas Open Records Act. In the case of *Hutchins v. Texas Rehabilitation Commission*, 544 S.W.2d 802, 803-804 (Tex. App. – Austin Dec. 8, 1976, no pet), the Texas Supreme Court held, "[they] recognize in the Open Records Act a strong preference for disclosure over confidentiality." *Cf, Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668 (Tex. 1976). "Under the Mental Health Code (Article 5547-87 (1958), V.A.T.S.) a mental patient's records are declared to be confidential. **Yet the patient has a right to consent to disclosure of the records**. It would make little sense to say that a person receiving rehabilitation services may not inspect the person's own records although a mental patient may disclose his records to whomever he desires." (emphasis added) *Hutchins*, at 804.

The Third Court of Appeals had previously held that state hospital records, though not available for inspection by the general public, are **subject to inspection by a former patient**. (emphasis added) *Morris v. Hoerster*, 377 S.W.2d 841 (Tex. App. – Austin 1964, no writ); *Morris v. Hoerster*, 348 S.W.2d 642 (Tex. – App. Austin 1961, writ ref. n.r.e.). Decisions in other cases have also upheld this right: *Palacios v. Corbett*, 172 S.W. 777 (Tex. – App. San Antonio 1915, writ ref.); *see also* 66 Am.Jur.2d Records and Recording Laws, sec. 28 at 360 (1973).

Additionally, it has further been held in the case *Kneeland v. National Collegiate Athletic Association*, 650 F. Supp. 1076, 1986 U.S. Dist. LEXIS 24 (5th Cir. 1986), "This Court is of the opinion that the deletion of personally identifiable information as previously Ordered will adequately protect the privacy interests of the students identified in the [public] information sought by Plaintiff[s]." This statement was made in regards to The Texas Supreme Court addressing concepts concerning the request of confidential public information and its release.

In the case, *Industrial Foundation of the South*, at 682 (Tex.1976) (*citing Billings v. Atkinson*, 489 S.W.2d 858 (Tex.1973), the Supreme Court established a two-prong test to determine whether otherwise public information could be deemed confidential under state common law. First, the information must contain "highly intimate or embarrassing facts about a person's private affairs such that its publication would be highly objectionable to a person of ordinary sensibilities." *Id.* at 685. Second, the information must not be of legitimate concern to the public. *Id.* Both requirements must be met before the information will be protected. *Id.*; Tex. Atty. Gen. ORD-423 (1984); ORD-400 (1983); *see Calvert v. Employees Retirement System of Texas*, 648 S.W.2d 418 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

Relator contends, based on his common law right of inspection of his own records, he is entitled to access his own records in the files of the Texas Civil Commitment Office (Respondent). Additionally, as held in *Kneeland*, if any information is considered confidential that "the deletion of personally identifiable information as will adequately... protect the privacy interests," identified by the Respondent's and believes is concerning. *Kneeland*, at 1986 U.S. Dist. LEXIS 44.

Relator contends he is entitled to such relief as will provide him access to his records, in this case the relief sought through mandamus, and that his request is contained in his general prayer for relief. *City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542 (Tex. 1905); *San Antonio v. Alamo National Bank*, 155 S.W. 620 (Tex. App. — San Antonio 1913, writ ref.); *White v. Calaway*, 282 S.W. 642 (Tex. App.—Fort Worth 1926, writ ref.); 37 Tex.Jur.2d 768, Mandamus § 110 (1962).



## PRAYER

For these reasons, Relator respectfully prays this Court **GRANTS** his Writ of Mandamus by ordering Respondent to release the information withheld from Relator based on any legal theory of relief presented herein, or this Court deems appropriate. Furthermore, that the information shall be released in a timely manner, consistent with this Court's opinion. Plus, any and all relief Relator is entitled to in law or equity, special or general, and this Court deems just.

Respectfully Submitted,



Stephen Patrick Black
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

## VERIFICATION

I, Stephen Patrick Black, do swear under penalty of perjury the foregoing instrument is true and correct, is based on personal knowledge, or information and belief. I further certify and conclude, after careful review the petition, that every factual statement contained therein is supported by competent evidence, including, but not limited to the appendix/record.

Executed on this 5th day of February, 2025.



Stephen Patrick Black
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

Relator's Petition for Writ of Mandamus
Pursuant to Texas Government Code § 552.321

Page 9 of 9

6/3/2025 8:32 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-001039
Susan Schmidt

CAUSE NO. D-1-GN-25-001039

| IN RE | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| STEPHEN PATRICK BLACK | § | 455TH JUDICIAL DISTRICT |

## RESPONDENT'S AMENDED PLEA TO THE JURISDICTION AND ANSWER

**TO THE HONORABLE JUDGE OF THIS COURT:**

Respondent Hayley Glisson, Staff Attorney for the Texas Civil Commitment Office, (Respondent), by and through her undersigned counsel, submits this Amended Plea to the Jurisdiction and Answer. In support, the Respondent would show the Court as follows:

## PLEA TO THE JURISDICTION

"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). At the earliest opportunity, the court must determine whether it has jurisdiction under the constitution or by statute to allow litigation to proceed. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Courts focus first on the plaintiff's petition to "determine whether the facts pleaded affirmatively demonstrate that jurisdiction exists." *Wise Reg'l Health Sys. v. Brittain*, 268 S.W.3d 799, 804 (Tex. App.—Fort Worth 2008, no pet.). Courts "construe the pleadings liberally in favor of the plaintiff." *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control*

Page 56

*Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227. If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be allowed to amend. *Id.* at 226–27. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider the evidence and must do so when necessary to resolve the jurisdictional issues raised. *See Id.* at 227; *accord Bland*, 34 S.W.3d at 555.

Black alleges that Respondent abused her discretion by declining to disclose certain exempted public information from disclosure. Pl. Mandamus Pet. at 3. Specifically, Black does not allege any improper action by Respondent but rather complains about the Attorney General's opinion regarding the disclosure. Pl. Mandamus Pet. at 4. However, Black has failed to allege an ultra vires act against Respondent for failing to act on behalf of the state or without legal authority.

An ultra vires exception to sovereign immunity exists when a plaintiff seeks declaratory relief against a state official who fails to comply with statutory or constitutional provisions. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). This exception exists because a state agency or official acting without legal or statutory authority is not acting on behalf of the state. *Brennan v. City of Willow Park*, 376 S.W.3d 910, 923 (Tex. App.—Ft. Worth 2012, pet. denied). In that regard, governmental entities themselves are not proper parties to an ultra vires suit. *Hall*

*v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). Instead, a declaratory judgment action must be brought against the state actor in its official capacity. *Brennan*, 376 S.W.3d at 923. This is because, even though such suits are for all practical purposes, a suit against the State, they "do not attempt to exert control over the state—they attempt to reassert the control of the state" over its agents. *Heinrich*, 284 S.W.3d at 372.

Thus, an ultra vires action requires a plaintiff to "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. If the plaintiff has not actually alleged such an action, the claims remain barred by sovereign immunity from suit. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *Hall*, 508 S.W.3d at 240–41 (holding that the official-capacity defendant acted within his legal authority and was therefore still entitled to sovereign immunity). Black's ultra vires claim remains barred by sovereign immunity because Black has failed to allege that Respondent acted without legal authority. Black complaints solely rely on the Attorney General's Opinion exempting the requested information from public disclosure.

Further, Texas Government Code section 552.321 establishes clear guidelines for a mandamus suit under this section. Mandamus suits may be brought only if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C. *Id*. Respondent requested an Attorney General Opinion. Pl. Mandamus Pet. Ex. B. The Attorney General's Opinion considered the information

excepted from disclosure. Pl. Mandamus Pet. Ex. C. Respondent followed those guidelines when refusing to release the requested information.

Because Respondent carried out her ministerial duties by requesting an Attorney General opinion and did not exceed her statutory authority, there is no *ultra vires* exception to sovereign immunity, and Black's claim must be dismissed for lack of subject matter jurisdiction.

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, the Attorney General enters a general denial to all of Plaintiff's allegations.

## PRAYER

Respondent Hayley Glisson, Staff Attorney for the Texas Civil Commitment Office, respectfully asks the Court, upon final hearing of this lawsuit, to dismiss the case for lack of subject matter jurisdiction, and orders that Plaintiff take nothing by reason of its suit and that all costs of litigation, including court costs and attorney fees, be adjudged against Plaintiff. Respondent further prays for such other and further relief, both general and special, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Maya Bailey*
MAYA BAILEY
Texas State Bar No. 24132648
Assistant Attorney General
Administrative Law Division
OFFICE OF THE TEXAS ATTORNEY GENERAL
808 Travis Street, Suite 1520
Houston, Texas 77002
(713) 225-8907 – Telephone
maya.bailey@oag.texas.gov

ATTORNEYS FOR RESPONDENT, HAYLEY
GLISSON, STAFF ATTORNEY FOR THE TEXAS
CIVIL COMMITMENT OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Respondent's Amended Plea to the Jurisdiction and Answer has been served on June 3, 2025, on the following attorneys-in-charge, by regular mail:

Stephen Patrick Black
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

PRO SE


/s/ *Maya Bailey*
MAYA BAILEY
Assistant Attorney General

## CAUSE NO: D-1-GN-25-001039

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | TRAVIS COUNTY, TEXAS |
| STEPHEN PATRICK BLACK | § | 455th JUDICIAL DISTRICT |

## RELATOR'S OPPOSITION TO RESPONDENT'S AMENDED PLEA TO THE JURISDICTION AND ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Stephen Patrick Black (Black or Relator), respectfully files this: Relator's Opposition to Respondent's Amended Plea to the Jurisdiction and Answer. In support hereto, Black shows this Court the following:

### RESPONDENT'S AMENDED PLEA TO THE JURISDICTION SHOULD BE DENIED

Pursuant to Tex. Gov't Code § 552.321(a)-(b), this Court has statutory jurisdiction and authority (through mandamus) to compel Hayley Glisson (Respondent or Glisson), the Texas Civil Commitment Office's (TCCO) general counsel, to release public information requested by Black, pursuant to Tex. Gov't Code § 552, which she has **refused** to release, and at the recommendation of the Texas Attorney General's letter ruling and opinion.

Black's request for mandamus relief, pursuant to Tex. Gov't Code § 552.321(a)-(b) of the Public Information Act (PIA), "waives sovereign immunity for requesters seeking a writ of mandamus to compel a governmental body to make certain information available for public inspection under certain circumstances." *City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.-Austin 2014, pet. denied); *see Muir v. Univ. Tex. at Austin*, No. 03-22-00196-CV, 2023 Tex. App. LEXIS 4407, at *5-7 (Tex. App.-Austin June 22, 2023, no pet.) (describing PIA's waiver of sovereign immunity).

*In re Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 1 of 10

Page 72

Texas Government Code § 552.321(a) – (b) provides:

> (a) A requestor may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G *"or" refuses to supply public information* or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C. Tex. Gov't Code § 552.321(a). (Emphasis added).

> (b) A suit filed by a requestor under this section **must be filed in a district court for the county in which the main offices of the governmental body are located**. (Emphasis added).

Contrary to Glisson's Amended Plea to the Jurisdiction, this Court has subject matter jurisdiction to review the facts surrounding Black's request for public information, and her refusal to provide such information, pursuant to Tex. Gov't. Code § 552.321(a) – (b). Black followed the PIA's statutory construction by filing a petition for writ of mandamus requesting relief in a district court in which the governmental agency's main offices are located. *Id* at (b).

Glisson's Amended Plea to the Jurisdiction incorrectly applies law to facts, by incorrectly alleging Black has pleaded an *Ultra Vires* case, but this is in error. This is simply a "smoke screen" fabricated by Glisson to distract this Court, and recast Black's, request for mandamus relief as an *Ultra Vires* claim. *See* Respondent's Amended Plea to the Jurisdiction and Answer pg. 2, *on file with this Court*. Clearly, as stated in Tex. Gov't. Code § 552.321(a), it states: "A requestor may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body *refuses to supply public information*." *See Muir v. University of Tex. at Austin*, No. 03-22-00196-CV, 2023 Tex. App. LEXIS 4407, at *5-6 (Tex. App.-Austin June 22, 2023, no pet.) (mem. op.), which states: ("Section 552.321 provides: A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection **if the governmental body...[B] refuses to supply [1] public information[n]**. Tex. Gov't Code § 552.321(a) (emphasis original).").

*In re Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 2 of 10

Page 73

Glisson's Amended Plea to the Jurisdiction states on pg. 2: "Black does not allege any improper action by the Respondent, but rather complains about the Attorney General's opinion regarding disclosure." Then, Glisson attempts to recast Black's mandamus requested relief as an *Ultra Vires* claim. Although Glisson requested an Attorney General's (AG) opinion, regarding Black's request for public information, she fails to state, it does not matter if the AG compels her to release the information, or except it from disclosure, Black can still file for mandamus relief.

Regardless of the AG's opinion, pursuant to Tex. Gov't. Code § 552.321(a) – (b), Black has a statutory right to challenge the AG's opinion, and Glisson's refusal to release the requested public information. *See Kallinen v. City of Houston,* 462 S.W.3d 25, (Tex. 2015) ("Requestors cannot be required to finish something they have no right to start. The requirement that a governmental body seek a ruling from the Attorney General when withholding requested information is a check on the governmental body, not a remedy for the requestor to exhaust. And again, the City's view of Section 552.321(a) would make the Attorney General's ruling unreviewable.").

Essentially, Glisson argues because the AG's letter ruling stated she should withhold the requested information from Black, it somehow transformed his request for mandamus relief into an *Ultra Vires* claim, but this allegation is serious error. According to case authorities, Black has a statutory right to request mandamus relief *prior* to the AG's opinion becoming final, or after the AG recommends Glisson should withhold the requested information. Case law is very clear on this subject, and does *NOT* magically transform a requestor's request for mandamus relief into an *Ultra Vires* claim.

Fatally, Glisson attempts recasting Black's requested relief as an Ultra Vires claim, but it is error, and inapplicable. Glisson further believes, this Court should resolve a jurisdictional issue that does not exist, but this Court is statutorily and ministerially bound by the provisions set forth in Tex. Gov't Code § 55.321(a) – (b), therein overruling Glisson's alleged jurisdictional issue, or *Ultra Vires* defense theory.

*In re: Patrick Black,* Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 3 of 10

## ARGUMENT & AUTHORITIES

**ISSUE 1:** Does subject matter jurisdiction exist in a district court for challenging a governmental agency's refusal to release public information to a requestor where agency's main offices are located, pursuant to Tex. Gov't Code § 552.321(a)—(b), and is Mandamus the proper vehicle for requesting relief?

## I.    STANDARD OF REVIEW

"Subject-matter jurisdiction is essential to the authority of a court to decide a case." *Paxton v. Am. Oversight*, 683 S.W.3d 873, 879 (Tex. App—Austin Jan. 17, 2024, pet. Filed); *citing Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. Whether a trial court has subject-matter jurisdiction is a question of law, and appellate courts review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In this instant case, Glisson refused to release public information to Black, and requested for the AG to determine if the information should be withheld or released. *See* Relator's Mandamus, *on file with this* Court. At the recommendation of the AG in its letter ruling to except from disclosure Black's requested public information, Glisson continued her refusal to release the information. *See* Relator's Mandamus, *on file with this* Court. Glisson has abused her discretion for withholding the requested public information. Only one statutory appellate remedy exists, and that is Tex. Gov't Code § 552.321(a)-(b). Black is statutorily bound, and must file a writ of mandamus in the Travis County District Courts, to challenge Glisson's refusal to release the public information, and the AG's opinion to except it from disclosure, as it is mandated. *Id* at 552.321(a).

*In re Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 4 of 10

Page 75

Additionally, Black has no adequate appellate remedy to challenge Glisson's actions, and the AG's letter ruling, for excepting from disclosure the requested public information. An *Ultra Vires* claim would be an improper vehicle for Black's requested relief, as alleged by Glisson. *See* Respondent's Amended Plea to the Jurisdiction and Answer, *on file with this Court.*

"The [T]PIA provides that a requestor may file suit for a writ of mandamus compelling a governmental body to make information available, thus clearly waiving immunity from these particular suits. Tex. Gov't Code § 552.321 (a)." (internal citations omitted); *City of Houston v. Houston Municipal Employee Pension System,* 549 S.W.3d 566, 583 (Tex. 2018); *see also Kallinen v. City of Houston,* 462 S.W.3d 25, 27-28 (Tex. 2015) ("The City filed a plea to the jurisdiction, arguing that the court lacked jurisdiction over the suit...The district court overruled the plea, granted summary judgment for *Kallinen,* ordered disclosure of many of the withheld document[s]."); *Paxton v. Abbott,* 683 S.W.3d 873, (Tex. App.--Austin Jan. 1, 2024, pet. filed) ("In a case brought under the Texas Public Information Act, Tex. Gov't Code Ann. § 22.002(c) did not deprive trial court of jurisdiction to issue a writ of mandamus against appellants because pursuant to Tex. Gov't Code Ann. § 552.321(b), the Legislature amended the Act to expressly delegate jurisdiction to the district courts over mandamus action for violations of the Act; [2]-Appellee affirmatively demonstrated trial court's jurisdiction over appellants because pursuant to Tex. Gov't Code Ann. § 552.001(a), appellee made unnegated factual allegations describing records that appellants should have produced but failed to and identifying facts that supported that the Texas Public Information Act exception had been misapplied.").



*In re Spitz; Patrick Black,* Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 5 of 10

Page 76

## II. APPLICABLE LAW AND ANALYSIS

The Texas Legislature promulgated the PIA with the express purpose of providing the public "complete information about the affairs of government and the official acts of public officials and employees." *Muir v. University of Tex. at Austin*, No. 03-22-00196-CV, 2023 Tex. App. LEXIS 4407, at *5-6 (Tex. App.-Austin June 22, 2023, no pet.) (mem. op.) (quoting *Jackson v. State Off. of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011) (quoting Tex. Gov't Code § 552.001(a)). "Under the PIA, upon receiving a request for public information, a governmental body must 'promptly' produce public information for inspection, duplication, or both." *Id.* at *6 (quoting Tex. Gov't Code § 552.221(a)).

The PIA excepts information from public disclosure if it is "considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Muir*, 2023 Tex. App. LEXIS 4407, at *6 (quoting Tex. Gov't Code § 552.101). "In turn, the PIA sets forth numerous statutory exceptions to disclosure," *Id.* (*citing* Tex. Gov't Code §§ 552.101-.162), "[E]mbrac[ing] the understanding that the public's right to know is tempered by the individual and other interests at stake in disclosing that information." *Id.* at *6-7 (*citing Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011)). A governmental body wishing to withhold requested information under an exception generally must request a determination from the attorney general confirming that the exception applies. *See id.* at *7 (citing Tex. Gov't Code § 552.301(a)).

Central to Black's request for mandamus relief, Section 552.321(a)-(b) of the PIA "waives sovereign immunity for requesters seeking a writ of mandamus to compel a governmental body to make certain information available for public inspection under certain circumstances." *City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.-Austin 2014, pet. denied); *see Muir*, 2023 Tex. App. LEXIS 4407, at *5-7 (describing PIA's waiver of sovereign immunity). Tex. Gov't Code § 552.321(a)-(b) provides:

*In re Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 6 of 10

(a) A requestor may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection **if the governmental body** refuses to request an attorney general's decision as provided by Subchapter G or **refuses to supply public information** or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C. Tex. Gov't Code § 552.321(a). (Emphasis added).

(b) A suit filed by a requestor under this section **must be filed in a district court for the county in which the main offices of the governmental body are located**." *Id.* § 552.321(b).

This Court has statutory authority and jurisdiction through mandamus, pursuant to Tex. Gov't Code § 552.321(a)-(b), to compel TCCO's general counsel Hayley Glisson in charge of PIA requests to release the public information requested by Black, pursuant to Tex. Gov't Code § 552. In error, and in support of Glisson's flawed Ultra Vires claim, she states, "Because Respondent carried out her ministerial duties by requesting an Attorney General's opinion and did not exceed her statutory authority, there is no *ultra vires* exception to sovereign immunity, and Black's claim must be dismissed for lack of subject matter jurisdiction." *See* Respondent's Amended Plea to the Jurisdiction and Answer, pg. 4, *on file with this Court.*

Black contends, Tex. Gov't Code § 552.001-552.376 *et. al.,* does not specifically create nor dictate any language stating that because a governmental agency requests an Attorney General's opinion to determine if public information should be excepted from disclosure, it magically transforms the requestor's request for mandamus relief pursuant to Tex. Gov't Code § 552.321(a)-(b) into an *Ultra Vires* claim, whereby Glisson can make a false claim of sovereign immunity as stated above. This is simply a smoke screen created by Glisson to distract this Court, and recast Black's request for mandamus relief into an *Ultra Vires* claim.

*In re Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 7 of 10

Page 78

To be completely clear, just because a governmental agency requests an AG's opinion, if public information should be excepted from disclosure, pursuant to Tex. Gov't Code § 552. Subchapter G, does not mean they have escaped judicial review by a district, or appellate court. Even if an AG determines information *should* be excepted from disclosure, and the governmental agency continues its refusal to provide the requested information to the requestor, does not mean the <u>agency</u> has escaped judicial review by a district or appellate court.

Regardless of the AG's opinion, pursuant to Tex. Gov't. Code § 552.321(a)−(b), Black has a statutory right to challenge the AG's opinion, and Glisson's refusal to release the requested public information. *See Kallinen v. City of Houston,* 462 S.W.3d 25, (Tex. 2015) ("Requestors cannot be required to finish something they have no right to start. The requirement that a governmental body seek a ruling from the Attorney General when withholding requested information is a check on the governmental body, not a remedy for the requestor to exhaust. And again, the City's view of Section 552.321(a) would make the Attorney General's ruling unreviewable.").

Thus, both the governmental agency, and the AG, are not beyond judicial review by a district court where the governmental agency's main offices are located, or an appellate court if a requestor appeals the decision of the district court. "When a government defendant challenges jurisdiction based on immunity, the plaintiff must affirmatively demonstrate the trial court's subject-matter jurisdiction by alleging a valid waiver of immunity." *Town of Shady Shores v. Swanson,* 590 S.W.3d 544, 550 (Tex. 2019). Black contends, Glisson is not protected by sovereign immunity, as he has pleaded facts sufficient enough to invoke this Court's subject matter jurisdiction. Black's case has not magically transformed itself into an *Ultra Vires* claim as alleged by Glisson, as this was her fatal attempt at invoking sovereign immunity. The Legislature amended the PIA to expressly delegate jurisdiction to the district courts over mandamus actions for violations of the PIA. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1319, § 27, 1999 Tex. Gen. Laws 4500, 4511 (codified at Tex. Gov't Code § 552.321(b)).

*In re Stephen Patrick Black,* Cause No. D-1-GN-25-001039
*Relator's* Opp. to Resp. Amended Plea to the Juris. and Answer

Page 8 of 10

Unnegated jurisdictional allegations of fact are taken as true, and the jurisdictional evidence should be viewed in the light most favorable to Black. *See Miranda*, 133 S.W.3d at 226-28. In applying these standards, this Court can easily deduce Black has affirmatively pleaded and demonstrated a valid waiver of immunity under the PIA. *See Muir*, 2023 Tex. App. LEXIS 4407, at *12; *Harris Cnty. Appraisal Dist. v. Integrity Title Co.*, 483 S.W.3d 62, 67-69 (Tex. App.-Houston [1st Dist.] 2015, pet. denied) (rejecting governmental entity's argument that trial court lacked jurisdiction under Section 552.321 because Attorney General had determined that requested information was excepted from disclosure under PIA and "[f]ollowing *Kallinen*" to conclude that trial court had jurisdiction under Section 552.321 to consider whether requested information was public information subject to disclosure).

Black contends, the same principal applies to Glisson's attempt at recasting his mandamus request for relief pursuant to Tex. Gov't. Code § 552.321(a), as an *Ultra Vires* claim, and a means to falsely invoke sovereign immunity, just because Black challenges the refusal of providing him the public information he requested. *See B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 Tex. App. LEXIS 223, at *11-12 (Tex. App.-Austin Jan. 10, 2018, no pet.) (mem. op.) (concluding that Texas Supreme Court had rejected jurisdictional argument that requestor cannot challenge adverse OAG decision and that Section 552.321 of PIA waives governmental immunity by allowing requestor to file suit for writ of mandamus to compel release of public information)

## CONCLUSION

In conclusion, this Court has statutory and subject matter jurisdiction to hear this case. Black is entitled to such relief as will provide him access to his records. Mandamus is the proper path for the relief Black seeks, as it is statutorily mandated, pursuant to Tex. Gov't. Code § 552.321(a)-(b). *See* Relator's Mandamus, *on file with this Court; see also City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542 (Tex. 1905); *San Antonio v. Alamo National Bank*, 155 S.W. 620 (Tex. App. — San Antonio 1913, writ ref.); *White v. Calaway*, 282 S.W. 642 (Tex. App.—Fort Worth 1926, writ ref.); 37 Tex.Jur.2d 768, Mandamus § 110 (1962).

*In re Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

Page 9 of 10

Page 80

# PRAYER

For these reasons, Black respectfully prays this Court **DENIES** the Respondent's Amended Plea to the Jurisdiction and Answer, and sets a hearing on this matter at its earliest docket opening. Plus, any and all relief Black is entitled to in law or equity, special or general, and this Court deems just and appropriate.

Respectfully Submitted,

Stephen Patrick Black
Pro Se Litigant
Texas Civil Commitment Center
2600 South Sunset Avenue
Littlefield, Texas 79339

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been served upon the parties listed below via U.S. Mail, pursuant the TRCP 21a. Additionally, this document is considered filed on the date it is provided to the staff at the Texas Civil Commitment Center for mailing, pursuant to the prisoner mailbox rule. *See Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014) (under "prisoner mailbox rule," pro se inmate's notice is deemed filed when document is received by prison authorities for mailing).

Provided to the TCCC staff for mailing on this 12th day of June, 2025.

Maya Bailey
Assistant Attorney General
Administrative Law Division
Office of the Texas Attorney General
808 Travis Street, Suite 1520
Houston, Texas 77002

Stephen Patrick Black

*In re: Stephen Patrick Black*, Cause No. D-1-GN-25-001039
Relator's Opp. to Resp. Amended Plea to the Juris. and Answer

THE COURT: This is Case Number GN-25-001039, Stephen Patrick Black versus OAG. We're here on an open records issue, I think.

I don't know -- who set this? Did you, Mr. Black? Who set this hearing?

MR. GREY: My office set this.

THE COURT: Oh, you did. All right. Let me have announcements first by the OAG and then Mr. Black.

Go ahead.

MR. GREY: John Grey, Assistant Attorney General, for Respondent Hayley Glisson, who is at the table with me, staff attorney for the Texas Civil Commitment Office.

THE COURT: Oh, hello. All right. Very good.

And, Mr. Black, are you self-represented, sir?

MR. BLACK: Yes. Good afternoon, Your Honor. I'm self-representing pro se. So...

THE COURT: All right. That's good to know. All right. Well, the OAG set this. So let's let them get the start.

What's going on here today?

MR. GREY: Yes, Your Honor. It's a plea to

the jurisdiction. This case arises out of -- Mr. Black submitted a PIA request to the civil commitment office. Ms. Glisson requested a letter ruling from the OAG on whether they needed to release the documents requested. The OAG produced a letter saying that they were excluded from production, and that's when Mr. Black filed a petition for mandamus against Ms. Glisson.

I would like to point out a couple things regarding that mandamus. There's only two instances that the PIA allows a mandamus to be filed. The first is when the governmental entity does not request a letter ruling from the OAG, which Ms. Glisson did. It's Exhibit 3 in his petition.

The other instance is when the OAG says release the documents and they refuse. Well, that didn't happen either. Those are the only instances in which a mandamus is allowed. This is not the proper vehicle.

I would also like to point out there's -- in the PIA, there's a very specific provision regarding TCCO, and in that provision --

THE COURT: What's TCCO?

MR. GREY: Texas Civil Commitment Office.

THE COURT: All right.

MR. GREY: And it's -- I'm just going to

read it to you real quick.

"Information obtained or maintained by the Texas Civil Commitment Office is excepted from production under the PIA if it is information about a person who is civilly committed as a sexually violent predator under Chapter 841 of the Health and Safety Code."

And Plaintiff Black has been civilly committed as a sexually violent predator under Chapter 841 of the Health and Safety Code.

THE COURT: Okay. All right. Very good.

MR. GREY: I have further arguments, but if you want to let him go, that's fine as well.

THE COURT: Yeah, let me hear from you, Mr. Black. What's going on?

MR. BLACK: Yes, Your Honor. I've kind of reviewed their plea to the jurisdiction that they filed with the Court.

THE COURT: Yeah.

MR. BLACK: And the original plea that they filed did not contain the argument that they're posing. The argument that they're posing is that Ms. Glisson has got ultra vires sovereign immunity protection, and that was not included in their first plea to the jurisdiction, then they amended their plea to the

jurisdiction with that argument.

But the -- Government Code 552.321 is very specific as -- I guess that's what Attorney Mr. Grey had spoke about, and basically it lines out that -- let me go to my opposition motion here, and I'll kind of read it to you. I have it quoted.

It says a requestor may file suit for writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply the public information. And that's what I filed my mandamus on.

And my mandamus is pretty specific that both the respondent, which is Ms. Glisson, and the attorney general, by his decision to inform Ms. Glisson to withhold it, the respondent -- so I'm challenging the fact that that specific section to Government Code 552 which he just stated, which is 1345, and it states, as he said, the Texas Civil Commitment Office is excepted from the requirements of Section 552.021 if it's information about a person who is civilly committed. So, therefore, I'm asking for my own records.

And I have -- if you have my opposition motion in front of you, and my mandamus, I do have case

law that's very specific that I have a right to challenge through mandamus the denial or the withholding of the information of both parties -- well, actually, just Ms. Glisson, and the AG's decision to withhold it.

One of the cases that I have that's relevant to this case is the *City of Killeen versus City of Houston*, and then the other one is *Harris County Appraisal District versus Integrity Title Company*. And in both of those cases, it speaks about filing a mandamus and that a requestor has the right to challenge the attorney general's withholding of the information because it's a check on the governmental body, which is TCCO; and, therefore, if I don't have a way of reviewing those denials, that would make their decisions unreviewable. And in the *City of Killeen*, the case -- the case authority on that basically is saying that their decisions have to be reviewable by a court.

And then on the *City of Harris County* [sic] case, it basically says that the trial court, which is your court, Your Honor, has jurisdiction to determine whether requested information should have been requested -- should have been disclosed.

And so this is why I have filed the mandamus in your court, but I really thought we were here on the plea to the jurisdiction, just to determine

if you have jurisdiction or not.

THE COURT: All right. Thank you, Mr. Black. I do appreciate it.

Let me hear from the attorney general's office again.

MR. GREY: Well, as he stated, in that mandamus section, the governmental entity did ask for a letter ruling. They received one, and they complied with it when they were told they did not have to turn over documents.

Ms. Glisson is entitled to sovereign immunity, and he has pointed to no -- no statute that waives that sovereign immunity whatsoever.

And this is not the proper channel to challenge a letter ruling from the attorney general. A mandamus is not the way to go, given the facts and the law of this case. What this gentleman should have done was filed a lawsuit against the attorney general, and then -- I've done many of these cases -- and then we go to trial, or we go to a hearing, and we -- and the judge determines whether they want an in-camera inspection of certain documents that the governmental entity is requesting to be withheld.

Generally, what I see is the governmental entity sues the attorney general on their behalf because

the attorney general says to turn over certain information. We don't have that here. What we have is the attorney general letter ruling saying "you don't have to turn over anything."

THE COURT: Okay. Anything else?

MR. GREY: I think that pretty much says it. I mean, we're -- Ms. Glisson is immune from suit as a state official, as a -- working for a state agency, the same as a state agency has, and he can point to no case law that says she is not entitled to sovereign immunity, and we're asking the Court to grant our plea to the jurisdiction on these bases.

THE COURT: Mr. Black, anything else?

MR. BLACK: Yes, Your Honor. Let me find it here.

THE COURT: Okay.

MR. BLACK: So basically what they're claiming is that -- they're not speaking about their argument that they posed in their plea to the jurisdiction, which is an ultra vires claim that they're trying to recast my argument for, which is not.

And the Government Code 552.321 is very specific saying that any time that a requestor requests public information and a governmental agency such as TCCO denies that and then they go to the attorney

general looking for a ruling to determine if that was proper, the requestor has a right in which to challenge both of their decisions.

So it says here in the case that I have here, "The Texas Public Information Act provides that a requestor may file suit for writ of mandamus compelling a governmental body to make the information available, thus clearly waiving immunity from these particular suits."

And that's Texas Government Code 552.321(a).

The *City of Houston versus Houston Municipal Employee Pension System*, which is in my -- Page 5 of my opposition motion, there's a case that -- it quotes, "The City filed a plea to the jurisdiction, arguing that the court lacked jurisdiction over the suit...The district court overruled that plea, granting summary judgment for Kallinen, and ordered disclosure of many of the withheld documents."

And then there's a further case from *Ken Paxton versus Abbott* from 2024, and it says, "In a case brought under the Texas Public Information Act, Government Code 22 point" -- and their specific situation said it did not deprive the trial court of jurisdiction in which to issue writ of mandamus against

the appellants, because pursuant to Government Code 552.321, the Legislature amended the act to expressly delegate jurisdiction to district courts, which is yours, Your Honor, over mandamus actions for violations of the act and that appellees in that case demonstrated the trial court's jurisdiction over the appellants; and, therefore, the factual allegations that they had supplied to the court proved that it had jurisdiction to hear the argument.

So basically, to sum this up, I filed mandamus in your court pursuant to Texas Government Code 552.321 to challenge the denial of disclosing public information that I requested that is specifically my own information. And if you look in my mandamus, I have case law in there that supports that contention, Your Honor.

THE COURT: Okay.

MR. BLACK: And I have a right to my own information. Thank you.

THE COURT: All right. Thank you very much.

All right. Mr. Black, colleagues from the OAG's office, the attorney general's plea to the jurisdiction is granted.

Do you have an order?

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ethan Nutter on behalf of Ethan Nutter
Bar No. 24104988
enutter@velaw.com
Envelope ID: 109663213
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 1/5/2026 3:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ethan J.Nutter | | enutter@velaw.com | 1/5/2026 3:00:43 PM | SENT |
| John M.Grey | | john.grey@oag.texas.gov | 1/5/2026 3:00:43 PM | SENT |